Todd WHITE, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. 73642.

Missouri Court of Appeals, Eastern District, Division Five.

Dec. 15, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 4, 1999.

**476**

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for appellant.

Michael J. Gorla, St. Louis, for respondent.

CHARLES B. BLACKMAR, Senior Judge.

The Director of Revenue (Director) appeals the trial court's judgment reinstating Todd White's (White) driving privileges after a trial de novo pursuant to Section 302.535, RSMo Cum.Supp.1997. We reverse and remand.

White filed a petition for a trial de novo after Director suspended his license following his arrest for driving while intoxicated. A trial on the petition was held September 9, 1997. At the trial, Officer Jack Webb of the St. Louis County police department testified that he stopped White on January 27, 1997, after discovering the license plates on his car were not registered to that particular make of car. As the officer approached the vehicle, he smelled a strong odor of alcohol. When asked if he had been drinking, White admitted that he had drunk "seven to eight or ten beers." The officer also noticed that White's speech was slurred and his eyes were bloodshot and watery. White swayed as he exited the car, and he subsequently failed four field sobriety tests. The officer arrested White for driving while intoxicated. At the police station, White consented to a breath test.

Director then offered Exhibit B, business records from the St. Louis County police department. These records included the breath test results for White, the operator's permit, the breathalyzer maintenance report, certificate of analysis, and the permit of the maintenance officer. White's test results showed he had a blood alcohol content of .206%. White objected to the admission of Exhibit B, contending it contained multiple hearsay and that the certificate of analysis failed to show the supplier of the solution. White presented no testimony or evidence. Following trial, the court reinstated White's driving privileges and sustained White's objection to Exhibit B on the ground that "the certificate of analysis provided by RepCo Marketing contains double hearsay and is inadmissible." Director appeals from this judgment.

In her two points on appeal, Director argues the trial court erred in refusing to admit the breathalyzer results and the trial court's decision was against the weight of the evidence because there was probable cause to arrest White and his blood alcohol content exceeded .10%.

Our review of the trial court's decision is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The judgment of the trial court will be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.;* *Reinhold v. Director of Revenue*, 961 S.W.2d 904, 905 (Mo.App. E.D.1998).

To establish a prima facie case to support suspension of a driver's license under Section 302.505, Director has the burden of showing by a preponderance of the evidence that (1) the arresting officer had probable cause to arrest the driver for driving while intoxicated; and (2) at the time of the arrest, the driver's blood alcohol content is .10% or greater. *Green v. Director of Revenue*, 961 S.W.2d 936, 938 (Mo.App. E.D. 1998). When the Director makes a prima facie case, then the burden shifts to the driver to present evidence to rebut the prima facie case by a preponderance of the evidence. *Id.* For Director to establish a foun-

dation for admission of a breathalyzer test into evidence, she must show that the test was performed (1) according to techniques and methods approved by the Department of Health; (2) by persons possessing a valid permit; and (3) using equipment and devices approved by the Department of Health. *Rogers v. Director of Revenue,* 947 S.W.2d 475, 477 (Mo.App. E.D.1997).

■ Director argues that the trial court erred in excluding the certificate of analysis on the basis it was hearsay. In response, White argues the certificate of analysis is hearsay and further, the certificate of analysis in question fails to conform with the applicable Department of Health regulation, 19 CSR 25–30.051,[1] because it fails to show RepCo was the supplier of the simulator solution.

We find this case falls squarely within two recent cases handed down by this Court which address the identical issues presented here: *Tate v. Director of Revenue,* No. 73554, 982 S.W.2d 724 (Mo.App. E.D., 1998), and *Trumble v. Director of Revenue,* No. 73665, 985 S.W.2d 815 (Mo.App. E.D., 1998). In addition, the *Tate* case was decided by this panel. In both of those cases, we first applied our decision in *Overmann v. Director of Revenue,* 975 S.W.2d 183 (Mo.App. E.D. 1998) to find the Uniform Business Records as Evidence Law, Section 490.680, RSMo 1994, provided an exception to the hearsay rule for the admission of the certificate of analysis provided the guidelines of that law were followed. *Trumble,* at 818–819; *Tate,* at 727. We further held that the Director had met her burden of laying a foundation for the certificate of analysis by also showing the certificate complied with subsection (4) of 19 CSR 25–30.051. This regulation provides that maintenance reports completed on or before March 26, 1996, but before September 1, 1997, are valid simply if a certificate of analysis was provided with the solution. *Trumble,* at 819–820; *Tate,* at 728.

In the present case, Director properly included in the certified business records the certificate of analysis provided with the lot number of simulator solution used to calibrate the breathalyzer that tested White. Applying the reasoning of *Tate* and *Trumble,* Director established the proper foundation for admission of the business records in question. Therefore, the trial court erroneously applied the law and abused its discretion in refusing to admit the business records, specifically the certificate of analysis and the breath test result.

The record, therefore, indicates Director satisfied her burden of proving its prima facie case. White presented no evidence rebutting Director's prima facie case. The trial court's judgment is against the weight of the evidence and not supported by substantial evidence. We reverse the trial court's judgment and remand for the trial court to enter judgment reinstating the suspension of White's driving privileges.

Reversed and Remanded.

ROBERT G. DOWD, Jr., C.J., and KAROHL, J., concur.

---

1. This regulation became effective September 1, 1997, after White's arrest but prior to his trial.