**Steve E. WEISER, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

No. 73916.

Missouri Court of Appeals,
Eastern District,
Division One.

March 9, 1999.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Jefferson City, for appellant.

Robert W. Miller, Robin L. Sullivan, St. Louis, for respondent.

WILLIAM H. CRANDALL, Jr., Judge.

Director of Revenue (Director) appeals from the judgment reinstating the driving privileges of Steve E. Weiser (Driver) after a trial *de novo*. We reverse and remand.

At the trial *de novo*, a police officer for the City of Washington in Franklin County testified that on February 22, 1997, he observed a vehicle driven by Driver repeatedly cross the center yellow line of Highway 47. The officer stopped Driver who smelled of alcohol, had bloodshot eyes, and stumbled out of the vehicle. Driver admitted he had been drinking. The officer administered several field sobriety tests. Driver failed all the tests except reciting the alphabet, which he was able to complete with slurred speech. The officer then arrested Driver for driving while intoxicated. At the police station, the officer performed a breath analysis test, which showed that Driver had a blood alcohol content of .106 percent. Director suspended Driver's driving privileges after an administrative hearing.

Driver testified that he had been drinking at a bar that evening and had consumed, at most, about four alcoholic beverages over a four and one-half hour period. In his opinion he did not have any trouble with his speech or balance, although he had some difficulty

---

1. This appeal only addresses the third party action pursued by Hudson Company against School Sisters of Notre Dame.

standing because of a broken toe. He disputed taking some of the field sobriety tests about which the officer testified and claimed he did not have any difficulty with the ones he did take.

After the trial *de novo*, the trial court entered judgment reinstating Driver's driving privileges. Although neither party requested findings of fact and conclusions of law, the trial court stated that the police officer did not have probable cause to stop Driver and that the breathalyzer was inaccurate because there was a margin of error of "plus or minus .02 percent."

On appeal, Director challenges the trial court's reinstatement of Driver's driving privileges on these grounds. *See Riche v. Director of Revenue*, 987 S.W.2d 331, 335, (Mo. banc 1999) (in an administrative hearing involving the revocation or suspension of a driver's license, unnecessary to prove that the officer had probable cause to believe the driver was violating an alcohol-related driving offense prior to the initial stop); *Green v. Director of Revenue, State of Mo.*, 961 S.W.2d 936, 939–940 (Mo.App. E.D.1998) (under section 302.505, RSMo (1994) breathalyzer test results essential to establish a *prima facie* case and do not have to pass the threshold alcohol limit of .10 percent within a certain margin of error).

Driver concedes that the reasons stated by the trial court for reinstating Driver's driving privileges were erroneous. He argues, however, that not only did the trial court reach a correct result for the wrong reasons; but also, because neither party requested written findings of fact and conclusions of law, all factual issues are deemed to have been resolved in accordance with the result reached.

Our review of the trial court's decision is controlled by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The decision of the trial court will be upheld unless it is not supported by substantial evidence, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Id.*

■ Here, the trial court based its judgment on erroneous conclusions of law. Thus,

the court did not make any credibility determination, either expressed or implied, on the issue of probable cause that Driver was driving in violation of an alcohol related offense. Section 302.505.1, RSMo (1994). A determination of credibility is necessary, however, in view of Driver's testimony refuting the police officer's testimony regarding the field sobriety tests. The case, therefore, must be remanded to the trial court. *See, e.g., Dugan v. Director of Revenue, State of Mo.*, 979 S.W.2d 563 (Mo.App. W.D.1998).

■ Finally, in response to Director's argument, we note the certificate of analysis and maintenance report were valid and admissible under recent decisions of this court. *See Tate v. Director of Revenue*, 982 S.W.2d 724, 728 (Mo.App. E.D.1998): *Trumble v. Director of Revenue*, 985 S.W.2d 815, 817 (Mo.App. E.D. 1998). Director's point is granted.

The judgment of the trial court is reversed and the cause is remanded for further proceedings.

JAMES A. PUDLOWSKI, P.J., and CLIFFORD H. AHRENS, J., Concur.