**Todd David COMBS, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

No. 74501.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 27, 1999.

Rehearing Denied May 26, 1999.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for appellant.

John Francis Newsham, St. Louis, for respondent.

GARY M. GAERTNER, Judge.

Appellant, the Director of Revenue ("Director"), appeals the judgment of the Circuit Court of St. Louis County reinstating the driving privileges of respondent, Todd David Combs ("driver"), after Director suspended them pursuant to RSMo section 302.505 (Cum.Supp.1998). We reverse and remand.

Director suspended the driving privileges of driver after he was arrested for driving while intoxicated. After an administrative hearing, Director upheld the suspension and driver petitioned for a trial de novo pursuant to RSMo section 302.535 (Cum.Supp.1998).

A trial was held on April 28, 1998. At the trial, Officer Greg Zveitel of the Sunset Hills Police Department testified that on the evening of September 24, 1997, he was parked in a commuter lot at the intersection of Old Gravois and Kennerly Road. He observed driver's vehicle run the stop sign at that intersection while traveling at a high rate of speed. Driver made a right turn onto Old Gravois without even pausing at the stop sign. Due to his speed, driver had to travel into the oncoming traffic lane. Driver then accelerated hard, causing his tires to squeal. Driver came upon the rear of another vehicle quickly and had to slam on his brakes to avoid a collision. Officer Zveitel pulled driver's vehicle over.

While Officer Zveitel talked with driver, he noticed a moderate odor of alcohol upon driver's breath. Driver's speech was noticeably slurred and his eyes were bloodshot. Driver admitted that he had been drinking. Zveitel gave one field sobriety test to driver, which driver completed properly. At this time, Zveitel's assist was having trouble with driver's passenger. Zveitel felt the location was unsafe and decided to arrest driver for violation of running the stop sign, improper lane use and following too closely. Zveitel then transported driver to the police department.

At the police station, Zveitel conducted two additional field sobriety tests, the walk-turn and one-leg stand. Following these tests, Zveitel also arrested driver for driving while intoxicated. Driver consented to a breathalyzer test. After observing driver for 15 minutes and preparing a checklist, Zveitel administered the test. It revealed driver's blood alcohol content ("BAC") was .133 percent.

At the hearing, Director offered Exhibit A (checklist), Exhibit B (printout of breath test results), Exhibit C (maintenance report and attachments) and Exhibit D (driver's driving record). Exhibit C included a copy of a maintenance report prepared on August 29, 1997 for the Datamaster used to test driver's BAC, as well as a copy of the certificate of analysis from Guth Laboratories for Lot No. 97120 of simulator solution. The exhibit was certified by affidavit from David Toler, custodian of the maintenance records for Sunset Hills Police Department.

When Exhibit C was offered, driver objected to it on the grounds it contained double hearsay and did not fall within the business records exception of RSMo section 490.692 (1994) and the certificate of

analysis failed to conform to the Department of Health regulations. The court overruled the first objection, but took the second objection under advisement. Driver also objected to the admission of Exhibits A & B on the same grounds and the court took them as submitted, pending the ruling on the admissibility of Exhibit C. Exhibit D was admitted.

On April 29, 1998, the court issued findings and recommendations. The trial court made no findings as to whether Officer Zveitel had probable cause to arrest driver for driving while intoxicated or as to driver's BAC. Instead, it found only that the certificate of analysis failed to comply with Department of Health regulation 19 CSR 25–30.051 and excluded the certificate of analysis and breath test result from evidence. The court then ordered reinstatement of driver's driving privileges. Director appeals.

■ Director argues that the trial court erred in refusing to admit the breath test result and maintenance report because it erroneously concluded the certificate of analysis failed to conform with Department of Health regulation 19 CSR 25–30.051.[1]

■ At the trial de novo, Director had the burden of showing by a preponderance of the evidence that the arresting officer had probable cause to arrest driver for driving while intoxicated and that driver's BAC was at least .10 percent. *Jurgiel v. Director of Revenue*, 937 S.W.2d 397, 398 (Mo.App. E.D.1997). After the Director makes her prima facie case, the burden then shifts to the driver to present evidence rebutting the prima facie case. *Green v. Director of Revenue*, 961 S.W.2d 936, 938 (Mo.App. E.D.1998). Upon objection, Director must lay a foundation for the admission of the breathalyzer test results by showing the test was performed: (1) by following the approved methods and techniques of the Department of Health; (2) by a person holding a valid permit; and (3) on equipment and devices approved by the Department of Health. *Shine v. Director of Revenue*, 807 S.W.2d 160, 162 (Mo.App. E.D.1991). At trial, driver argued Director had not established this foundation because she had failed to show the certificate of analysis complied with 19 CSR 25–30.051. The court sustained this objection. Director argues this conclusion is erroneous and we agree.

In two recent cases decided by this court we held that Director laid a proper foundation for the admission of the breath test results by demonstrating the certificate of analysis complied solely with subsection (4) of 19 CSR 25–30.051, which provides that maintenance reports completed on or after March 26, 1996, but before September 1, 1997, are valid if a certificate of analysis was supplied with the solution. *Tate v. Director of Revenue*, 982 S.W.2d 724, 728 (Mo.App. E.D.1998); *Trumble v. Director of Revenue*, 985 S.W.2d 815, 819 (Mo.App.E.D.1998). In the case at hand, the maintenance report was prepared on August 29, 1997. Director properly included in the certified business records the certificate of analysis provided with the lot number of simulator solution used to calibrate the breathalyzer in issue. Therefore, the trial court erroneously applied the law in refusing to admit the certificate of analysis. Further, Director did lay a proper foundation for the admission of the breath test results.

■ With the admission of the breath test results, Director met her burden of proving a prima facie case. Director asks this court to remand for the trial court to enter an order reinstating the suspension of driver's driving privileges. However, we are faced with the fact the trial court made no findings as to whether Officer Zveitel had probable cause to arrest driver for driving while intoxicated or as to driv-

1. Our decision in this matter is made without the benefit of driver's arguments, if any, be- cause he never filed a respondent's brief.

er's BAC. The evidence concerning driver's BAC was uncontradicted and must be considered by the trial court. As a result, the only finding the trial court may make as to BAC is that driver had a BAC of .10 percent or more by weight. *Vangilder v. Director of Revenue*, 954 S.W.2d 31, 32–33 (Mo.App. E.D.1997). However, driver did contest the testimony of Officer Zveitel regarding probable cause to arrest him for driving while intoxicated. Under these circumstances, a determination of credibility is required and this issue must be remanded to the trial court. *Weiser v. Director of Revenue*, 987 S.W.2d 496, 497 (Mo.App.E.D.1999).

We reverse and remand. On remand, the court shall determine whether Officer Zveitel had probable cause to arrest driver for driving while intoxicated. If the court determines that he did, then the court shall enter an order reinstating the Director's suspension of driver's driving privileges.

HOFF, P.J., and RHODES RUSSELL, J., concur.