**Julie T. WEILAND, Appellant,**

v.

**DIRECTOR OF REVENUE,**
**Respondent.**

**No. WD 59909.**

Missouri Court of Appeals,
Western District.

April 23, 2002.

Jeffrey Scott Eastman, Gladstone, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Shelly Eileen Moore, Assis-

tant Attorney General, Kansas City, for respondent.

PAUL M. SPINDEN, Chief Judge.

Julie Weiland appeals the circuit court's judgment sustaining the Director of Revenue's suspension of her driving license. The circuit court found that an officer arrested Weiland on probable cause to believe that she was driving a motor vehicle while the alcohol concentration in her blood was .10 percent or more by weight and that the evidence was sufficient to establish that she was driving or operating a car. We affirm the circuit court's judgment.

The evidence established that on December 18, 1998, Kansas City police officer Gregory Smith was patrolling I–435, just north of Mo. 152, when he saw a vehicle parked on the highway's shoulder. He parked his patrol car behind the vehicle to investigate. He initially thought that the vehicle had been abandoned, but, after noticing smoke flowing from the car's exhaust, decided that the vehicle's engine was running. Smith walked to the vehicle and shined his flashlight through the driver's side window. He saw Weiland slumped face down into the steering wheel. He then tapped on the window four or six times before Weiland responded. Weiland rolled down a window, and Smith smelled alcohol. Smith asked Weiland what she was doing out on the interstate, and Weiland said that she had pulled off onto the shoulder.

At Smith's direction, Weiland turned off the car's engine and got out of the vehicle. Weiland was dazed and confused. Her eyes were watery, and she swayed when she walked. Smith conducted several field sobriety tests. Based upon his observations and Weiland's performance on the field sobriety tests, Smith concluded that Weiland was intoxicated. Weiland admitted to drinking three beers and that she had been driving. Smith arrested Weiland for driving while intoxicated and took her to a police station where Weiland consented to a Breathalyzer test. The test indicated that her blood alcohol content was .14 percent.

Smith issued a citation to Weiland for violating a Kansas City ordinance which prohibits "any person who is under the influence of alcohol ... to be in a position to physically handle the driving mechanism of any vehicle within this city." Kansas City Ordinance § 70–302(b). Smith also, acting on behalf of the Director of Revenue, served Weiland with notice of suspension of her driving privileges for driving a motor vehicle while the level of alcohol concentration in her blood exceeded .10 percent or more by weight.

The director held an administrative hearing on the suspension of Weiland's driving license on January 28, 1999. On March 17, 1999, the director sustained the suspension of Weiland's license. Weiland appealed the director's decision to the circuit court, and the circuit court sustained the suspension. The circuit court found that the arresting officer had probable cause to believe that Weiland was in actual physical control of a motor vehicle while the alcohol concentration in her blood was .10 percent or more by weight. *Weiland v. Director of Revenue*, 32 S.W.3d 628, 630 (Mo.App.2000) (en banc).

Weiland then appealed the circuit court's judgment to this court. This court reversed the circuit court's judgment:

Since § 302.505.1 requires a finding that the licensee was arrested upon probable cause to believe that she was "driving" a motor vehicle while the alcohol level in her blood, breath or urine was .10% or more by weight, and "actual physical control" no longer constitutes "driving" under the applicable statutory definition, the trial court's finding that Weiland was in "actual physical control" of a motor vehicle is insufficient to sup-

port the suspension of Weiland's driver's license under § 302.505.1. *Id.* at 631–32. The record was insufficient, however, as to "whether the circuit court could have found from the evidence before it that Weiland was arrested upon probable cause to believe she was 'driving' or 'operating' a motor vehicle while the alcohol concentration in her blood was .10% or more by weight." *Id.* at 632. We, therefore, remanded the case to the circuit court for it to make these findings.

On remand, the circuit court found:

[T]he Court ... finds and concludes that ... there is sufficient circumstantial evidence of driving based on [Weiland's] admission and further finds that [Weiland] was operating the motor vehicle on December 18, 1998, ... and the Court therefore finds that based upon a preponderance of the evidence [Weiland] is found to have been arrested upon probable cause to believe she was driving a motor vehicle while the alcohol concentration in his [sic] blood was 0.10% or more by weight.

Weiland appeals. She contends that the circuit court erred in finding sufficient circumstantial evidence of driving based on her admissions and in finding that she was operating a motor vehicle.

■ Section 302.505, RSMo 2000, authorizes the suspension of a person's driving privileges for driving while intoxicated. Subsection 1 of the statute says:

The department shall suspend or revoke the license of any person upon its determination that the person was arrested upon probable cause to believe such person was driving a motor vehicle while

the alcohol concentration in the person's blood, breath, or urine was ten-hundredths of one percent or more by weight.

The director's burden was to establish by a preponderance of the evidence a *prima facie* case for suspension of Weiland's driving license. *Testerman v. Director of Revenue,* 31 S.W.3d 473, 475 (Mo.App.2000). To meet this burden, the director was obligated to show that at the time of the arrest (1) probable cause existed to arrest Weiland for driving while under the influence, and (2) the blood alcohol concentration level in her blood was .10 percent or greater. *Id.* Once the director established a *prima facie* case, the burden shifted to Weiland to present evidence that rebutted the *prima facie* case by a preponderance of the evidence. *Id.* at 475–76.

■ Weiland does not dispute the circuit court's finding that her blood alcohol content was .10 percent or greater. She argues only that, under the facts in her case, the arresting officer did not have probable cause to believe she was driving or operating a motor vehicle. We disagree.

■ Weiland admitted to the officer at the scene and prior to her arrest that she was driving. "An officer may have reasonable grounds to arrest for driving while intoxicated, even when the evidence of 'actually driving' is based on circumstantial evidence." *Pendergrass v. Director of Revenue,* 4 S.W.3d 599, 601 (Mo.App.1999) (citing *Baptist v. Lohman,* 971 S.W.2d 366, 368 (Mo.App.1998)).[1] "The uncontroverted testimony of a police officer that an individual admitted to driving a vehicle consti-

1. Pendergrass dealt with revocation of a person's driving license under § 577.041, RSMo 2000, which requires "reasonable grounds" for believing that the person was driving a motor vehicle in an intoxicated condition. "Reasonable grounds" and "probable cause"

are synonyms. *Kinsman v. Dir. of Revenue,* 58 S.W.3d 27, 31 (Mo.App.2001). Thus, no greater showing of the officer's belief is required by § 302.505.1 than by § 577.041. *Tuggle v. Dir. of Revenue,* 727 S.W.2d 168, 170 (Mo.App.1987).

tutes reasonable grounds to believe that the individual was driving." *Id.*

The evidence established that Weiland was alone in her car, an alcohol odor emanated from her vehicle, she admitted that she had drunk three beers, and she admitted that she had been driving. Officer Smith also noted that Weiland was dazed and confused, her eyes were watery and she swayed when she walked. These facts established probable cause for Weiland's arrest and, coupled with the evidence that her blood alcohol content was .14 percent, constituted a *prima facie* case supporting the director's suspension of Weiland's driving license. Weiland presented no evidence to rebut the director's *prima facie* case. We, therefore, affirm the circuit court judgment sustaining the director's suspension of Weiland's driving license.

JAMES M. SMART, JR., Judge, and LISA WHITE HARDWICK, Judge, concur.