Stephen Neil KENNEDY, Petitioner–Respondent,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent–Appellant.

No. 24386.

Missouri Court of Appeals, Southern District, Division Two.

April 30, 2002.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shannon Wright Morgan, Asst. Atty. Gen., Jefferson City, for Appellant.

Daniel T. Moore, Moore & Walsh, L.L.P., Poplar Bluff, for respondent.

NANCY STEFFEN RAHMEYER, Judge.

Stephen Neil Kennedy ("Kennedy") was arrested for driving while intoxicated. Trooper Myron Downey ("Downey") gave Kennedy a breath analysis test, which indicated a blood alcohol concentration ("BAC") of .152 percent. After the initial test, however, the breath analyzer machine gave a status code reading, "system won't zero." As a result, three minutes later Downey gave Kennedy a second test which showed Kennedy's BAC as .144 percent. The Department of Revenue revoked Kennedy's driver's license pursuant to § 302.505,[1] which, at the time of Kennedy's breath analysis test, allowed revocation when there is probable cause to believe a person has operated a motor vehicle in an intoxicated condition and the person's BAC is .10 percent or more by weight.[2] Kennedy asked for and received a trial de novo under § 302.535 to review the license suspension. After hearing evidence, the trial court reversed the decision of the Department of Revenue and ordered reinstatement of Kennedy's license on the basis that there was insufficient foundation for the breath analyzer machine results because the machine was not functioning properly. The Director of the Department of Revenue ("the Director") appeals. We affirm the trial court's decision.

The Director contends that there was sufficient foundation for the breath test results because the test was conducted as required by the methods set by the Department of Health and that Kennedy failed to offer any evidence the breath analyzer machine malfunctioned during the second test. In reviewing the trial court's decision in this judge-tried case, we must affirm the decision of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Duing v. Director of Revenue,* 59 S.W.3d 537, 539 (Mo.App. E.D.2001). A license may be suspended under § 302.505.1 if two requirements are met. First, there must have been probable cause to arrest the defendant for driving while intoxicated. Second, if the driver

---

1. All references to statutes are to RSMo 2000, unless otherwise indicated.

2. Section 302.505.1 was changed effective September 29, 2001, and lowered the threshold BAC level to .080 percent.

agrees to submit to a breath analysis test, the defendant must have a BAC of .10 percent[3] or higher at the time of arrest. *Id.* In the present case the parties stipulated that probable cause to arrest Kennedy existed. The only issue was whether his BAC was above the legal limit.

In proving a defendant has a BAC above the legal limit, the Director has the burden of establishing a foundation for the admission of the BAC results. *Id.* It is firmly established that the foundation for the BAC results is made by proving the following: (1) the test was performed following the regulations set up by the Department of Health;[4] (2) the testing operator had a valid permit; and (3) the Department of Health approved the equipment used to administer the test. *Id.* Once the Director makes a prima facie case the burden shifts to the driver to rebut the Director's case by a preponderance of the evidence. *Id.*

It is evident that the Director established parts two and three of the foundation for the BAC results. The parties stipulated that Downey had a valid permit to operate the breath analyzer machine; there appears to be no disagreement as to whether the Department of Health approved the machine. The remaining issue, then, in determining whether the Director laid a proper foundation for the BAC results, is whether the test was performed following the Department of Health guidelines.

The court took judicial notice of all applicable Department of Health guidelines. The evidence in the light most favorable to the court's decision indicates Downey was trained to let a maintenance person know as soon as he could when the machine indicated it has malfunctioned, but that he failed to notify any such person and proceeded with the second breath analysis test. The Department of Health regulations state, "An individual permitted to operate a breath analyzer shall .... [i]mmediately suspend use of a breath analyzer that is not functioning properly[.]" 19 C.S.R. 25–30.011(5)(B)(1). Downey testified that the first test was invalid because the machine did not work properly. Rather than suspending use of the machine, he performed another test on Kennedy three minutes later. Officer Taylor, who performed the maintenance checks on the machine, testified during his cross-examination that one of the explanations why the machine could have malfunctioned was that it was not working correctly. Thus, sufficient evidence supports the court's finding that the machine malfunctioned and, despite the Department of Health regulations, another test was performed immediately. The trial court did not err in ruling in accordance to this reasoning.

The law and the evidence presented supports the trial court's judgment reinstating Kennedy's driver's license. Finding no error, the trial court's judgment is affirmed.

PREWITT, J., and PARRISH, J., concur.

---

3. See footnote 2, *supra.*

4. Those regulations are currently found in 19 C.S.R. §§ 25–30.011 to 30.080 (2001).