Mark A. VERDOORN, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. SC 85101.

Supreme Court of Missouri,
En Banc.

Sept. 30, 2003.

As Modified Nov. 25, 2003.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cheryl C. Nield, Asst. Atty. Gen., for Appellant.

James D. Boggs, Kansas City, for Respondent.

PER CURIAM.[1]

The director of revenue suspended Mark A. Verdoorn's driving privileges for driving while intoxicated. Verdoorn brought this action to reinstate his license. The circuit court agreed with Verdoorn and ordered his driving privileges reinstated. The director appeals. The judgment is reversed because Verdoorn's rebuttal evidence failed to overcome the director's *prima facie* case.

## Factual and Procedural Background

Verdoorn was pulled over by a deputy who noticed Verdoorn's vehicle swerving. Upon approaching the vehicle, the deputy detected the odor of alcohol on Verdoorn and observed that Verdoorn's eyes were bloodshot and watery. Verdoorn admitted he had had a couple of beers. The deputy administered three field sobriety tests, all of which Verdoorn failed.

Verdoorn was arrested for driving while intoxicated. A breath test showed Verdoorn's blood alcohol concentration was .126%. The director suspended Verdoorn's driver's license pursuant to section 302.505.1 [2] because his blood alcohol level exceeded the legal limit of .10%.[3]

Verdoorn filed a petition for trial de novo. At the hearing, the director presented evidence to establish that the deputy had probable cause to believe Verdoorn was driving while intoxicated and that Verdoorn's blood alcohol content exceeded .10%.

To rebut the director's case, Verdoorn presented a "metabolic curve" defense supported by the deposition testimony of Dr. William Watson, an expert witness on toxicology and pharmacology. Watson made an assessment of Verdoorn's blood alcohol content in light of undisputed facts showing Verdoorn started drinking at approximately 1:15 a.m. and drank as rapidly as one beer every five minutes up until the time his vehicle was stopped at approximately 1:40 a.m. Based on the nature and timing of this "binge drinking," Watson testified "to a reasonable degree of toxicological certainty" that Verdoorn's blood alcohol content was "lower than .126 grams percent and, in fact, could have been either above or below .10 grams percent" at the time he was stopped. Upon further questioning, Watson testified it was "equally likely [Verdoorn's blood alcohol content] was above or below" the legal limit of .10%.

The director objected to the expert's deposition testimony as "immaterial, irrelevant, and based on vast speculation of certain crucial variables." The court overruled the objection and admitted the deposition testimony. The director presented no additional evidence but argued, in closing, that Verdoorn "did not meet his burden."

The circuit court entered judgment reinstating Verdoorn's driver's license.

## Point on Appeal

The director's sole point on appeal is that the circuit court erred in granting the

---

1. This Court transferred this case after an opinion by the Court of Appeals, Western District, authored by the Honorable Lisa White Hardwick. *Mo. Const. article V, section 10.* Portions of the court of appeals opinion are incorporated without further attribution.

2. All statutory references are to RSMo 2000.

3. Effective September 29, 2001, section 302.505.1 was amended to reduce the minimum blood alcohol concentration from .10% to .08% to suspend the license of a person driving while intoxicated. Verdoorn's case is unaffected by this change in the law because his DWI offense occurred on March 29, 2001, prior to the amendment's effective date.

license reinstatement because Verdoorn failed to adequately rebut the evidence that he drove while intoxicated. The director argues Verdoorn could only rebut with a "preponderance of the evidence" showing that his blood alcohol content was less than .10%. *Andersen v. Director of Revenue,* 944 S.W.2d 222, 224 (Mo.App. 1997). Based on this preponderance standard, the director cites several recent cases in which an expert's testimony that a driver's blood alcohol content "may have been" below the legal limit was held insufficient to rebut a *prima facie* case for suspension. *Green v. Director of Revenue,* 961 S.W.2d 936, 938–939 (Mo.App.1998); *Meyer v. Director of Revenue,* 34 S.W.3d 230, 235–236 (Mo.App.2000); *Rhodes v. Director of Revenue,* 994 S.W.2d 597, 601–02 (Mo.App.1999); *Hamm v. Director of Revenue,* 20 S.W.3d 924, 927 (Mo.App.2000). The director contends Verdoorn's rebuttal evidence fell short of the preponderance standard because his expert testified it was "equally likely" that Verdoorn's blood alcohol content was "above or below" the legal limit. Thus, the director claims the circuit court's judgment of reinstatement was against the weight of the evidence and an erroneous application of the law, in that the court did not require Verdoorn to rebut the director's *prima facie* case by a preponderance of the evidence.

### Standard of Review

 This Court will affirm the trial court's judgment unless there is no substantial evidence to support it, unless the decision is contrary to the weight of the evidence, or unless the trial court erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). This Court defers to the trial court's determination of credibility. *Prozorowski v. Director of Revenue,* 12 S.W.3d 405, 408 (Mo.App.2000). If the evidence is uncontroverted or admitted so

that the real issue is a legal one as to the legal effect of the evidence, then there is no need to defer to the trial court's judgment. *Hinnah v. Director Of Revenue,* 77 S.W.3d 616, 620 (Mo. banc 2002).

### Statutory Framework

Section 302.505.1 permits the department of revenue to suspend or revoke the driver's license of any person arrested upon probable cause of driving while intoxicated. An aggrieved driver can seek a trial de novo. At the trial the court must determine whether the suspension or revocation is supported by evidence that: (1) the driver was arrested upon probable cause for violating an alcohol-related offense; and (2) the driver's blood alcohol concentration exceeded the legal limit of .10%. *Section 302.535.1.* The "burden of proof" is on the director of revenue to establish grounds for the suspension or revocation by a preponderance of the evidence. *Section 302.535.1.*

Applying this statutory scheme, the director must initially present evidence to establish probable cause for the arrest and the driver's blood alcohol level of .10 % or greater. *Stuhr v. Director of Revenue,* 766 S.W.2d 446, 448 (Mo. banc 1989). This evidence creates a presumption that the driver was intoxicated. The driver is then entitled to rebut the director's *prima facie* case with evidence that his blood alcohol content did not exceed the legal limit. *Stuhr,* 766 S.W.2d at 449–50. Ultimately, the circuit court must determine whether the director has met the burden of proving by a preponderance of the evidence that the driver drove while legally intoxicated. *Collins v. Director of Revenue,* 691 S.W.2d 246, 252 (Mo. banc 1985).

There is no dispute in the instant case that the director presented a *prima facie* case. The director argues that once she

established a *prima facie* case, the burden shifted to Verdoorn to prove by a preponderance of evidence that his blood alcohol content was lower than .10 %. The director relies on, among other cases, *Green v. Director of Revenue State of Mo.,* 961 S.W.2d 936, 938 (Mo.App.1998); *Andersen v. Director of Revenue, State of Mo.,* 944 S.W.2d 222, (Mo.App.1997).

The trial de novo statute establishing the director's burden of proof was enacted in 1983. None of the appellate cases decided under this statute from 1983 through 1996 required the shifting of this ultimate burden to the driver once the director presents a *prima facie* case. *See, e.g., Hieger v. Director of Revenue,* 733 S.W.2d 491, 492–93 (Mo.App.1987). The decisions issued prior to 1997 consistently reflect that, in rebutting the director's case, the driver's defense should consist of "some evidence" that the blood alcohol test results were invalid or unreliable. *Walker v. Director of Revenue,* 922 S.W.2d 57, 58 (Mo.App.1996); *see also Stuhr,* 766 S.W.2d at 449–50. Under this line of cases, a director's *prima facie* case shifts the burden of *production* to the driver to adduce evidence that his blood alcohol level did not exceed the legal limit. The burden of persuasion, however, remains on the director at all times. *Miller v. Director of Revenue,* 719 S.W.2d 787, 789 (Mo. banc 1986); *Collins v. Director of Revenue,* 691 S.W.2d 246, 252, (Mo. banc 1985).

In *Andersen v. Director of Revenue,* 944 S.W.2d at 224, the court reversed the circuit court's finding that the director failed to present a *prima facie* case of driving while intoxicated. *Id.* The case was remanded with instructions that if the director makes a *prima facie* case, "the circuit court shall place the burden on Andersen to establish by a preponderance of the evidence that his BAC was less than .10% . . ." *Id.* The decision cites no statutory or precedential authority for shifting the burden of proof to the driver,[4] but many of the cases decided since *Andersen* have similarly applied the preponderance standard in assessing the sufficiency of rebuttal evidence. *See Green,* 961 S.W.2d at 938; *Rhodes,* 994 S.W.2d at 599. This is an incorrect application of section 302.505.1 and section 302.535.1.

█ In a trial de novo under section 302.535.1, once the director makes a *prima facie* showing of probable cause of driving while intoxicated, the driver is entitled to present rebuttal evidence that raises a genuine issue of fact regarding the validity of the blood alcohol test results. The rebuttal evidence should challenge the presumption of validity established by the director's *prima facie* case; but the driver's burden is one of production—not persuasion. The director retains the burden of proof throughout the proceeding.

The cases set out in the appendix misstate the evidentiary rebuttal standards, and to that extent, they are overruled.

### Sufficiency of Verdoorn's Rebuttal Evidence

█ Verdoorn's rebuttal of the director's case was based on expert testimony asserting a "metabolic curve" defense. The expert, Dr. William Watson, made a toxicological assessment of Verdoorn's

---

4. The *Andersen* decision, in the paragraph prior to the remand instructions, cites to *Hieger,* 733 S.W.2d at 492–93, and correctly recites the applicable evidentiary standard as follows: "Once the director proved [her] case by a preponderance of the evidence, it was then incumbent upon driver to present evidence that his BAC was less than [the statutory limit] at the time he was driving his car." 944 S.W.2d at 224. Thus, *Andersen's* remand instructions—requiring the driver's rebuttal evidence to meet the preponderance of evidence standard—were inconsistent with the law as set forth in the text of the decision.

blood alcohol concentration in light of the fact that Verdoorn drank as many as six beers in the 25 minutes before his vehicle was stopped. Dr. Watson testified "to a reasonable degree of toxicological certainty" that Verdoorn's blood alcohol level was below .126 at the time of the stop and that it was "equally likely" his level was "above or below" the legal limit of .10%.

Verdoorn presented no evidence that his blood alcohol concentration was in fact below the legal limit at the time he was stopped. The expert's testimony showed only that Verdoorn could have been intoxicated or that his blood alcohol concentration *might not* have reached the limit of .10% by the time he was stopped. This inconclusive testimony was insufficient to rebut the presumption of intoxication established by the director's *prima facie* case.

The judgment is reversed.

All concur.

### APPENDIX

*Francis v. Director of Revenue,* 85 S.W.3d 56, 59 (Mo.App.2002);

*Milligan v. Wilson,* 78 S.W.3d 215, 220 (Mo.App.2002);

*Kennedy v. Director of Revenue,* 73 S.W.3d 85, 87 (Mo.App.2002);

*Weiland v. Director of Revenue,* 73 S.W.3d 60, 62 (Mo.App.2002);

*McCoy v. Director of Revenue,* 71 S.W.3d 688, 690 (Mo.App.2002);

*Bain v. Wilson,* 69 S.W.3d 117, 120 (Mo. App.2002);

*Duing v. Director of Revenue,* 59 S.W.3d 537, 539 (Mo.App.2001);

*Smyth v. Director of Revenue,* 57 S.W.3d 927, 930 (Mo.App.2001);

*Smith v. Director of Revenue,* 56 S.W.3d 464, 467 (Mo.App.2001);

*Daniels v. Director of Revenue,* 48 S.W.3d 42, 44 (Mo.App.2001);

*Phelps v. Director of Revenue,* 47 S.W.3d 395, 399 (Mo.App.2001);

*Hollingshead v. Director of Revenue,* 36 S.W.3d 443, 446 (Mo.App.2001);

*Meyer v. Director of Revenue,* 34 S.W.3d 230, 233 (Mo.App.2000);

*Booth v. Director of Revenue,* 34 S.W.3d 221, 223 (Mo.App.2000);

*Testerman v. Director of Revenue, State of Mo.,* 31 S.W.3d 473, 476 (Mo.App.2000);

*Riggin v. Director of Revenue,* 25 S.W.3d 695, 697–98 (Mo.App.2000);

*Hansen v. Director of Revenue,* 22 S.W.3d 770, 773 (Mo.App.2000);

*Kobayshi v. Director of Revenue,* 22 S.W.3d 247, 249 (Mo.App.2000);

*Hamm v. Director of Revenue,* 20 S.W.3d 924, 926 (Mo.App.2000);

*Reynolds v. Director of Revenue,* 20 S.W.3d 571, 574 (Mo.App.2000);

*Wilcutt v. Director of Revenue,* 18 S.W.3d 548, 550–51 (Mo.App.2000);

*Lasley v. Director of Revenue,* 17 S.W.3d 174, 176 (Mo.App.2000);

*Harper v. Director of Revenue,* 14 S.W.3d 614, 616 (Mo.App.1999);

*Smith v. Director of Revenue,* 13 S.W.3d 700, 705 (Mo.App.2000);

*Misener v. Director of Revenue,* 13 S.W.3d 666, 668 (Mo.App.2000);

*Prozorowski v. Director of Revenue,* 12 S.W.3d 405, 407 (Mo.App.2000);

*Douglass v. Wilson,* 10 S.W.3d 199, 202–03 (Mo.App.2000);

*Endsley v. Director of Revenue,* 6 S.W.3d 153, 158 (Mo.App.1999);

*Childs v. Director of Revenue,* 3 S.W.3d 399, 401 (Mo.App.1999);

*Rhodes v. Director of Revenue, State of Mo.,* 994 S.W.2d 597, 599 (Mo.App.1999);

*Combs v. Director of Revenue,* 991 S.W.2d 690, 692 (Mo.App.1999);

*Devereux v. Director of Revenue,* 990 S.W.2d 658, 660 (Mo.App.1999);

*Guccione v. Director of Revenue,* 988 S.W.2d 649, 652 (Mo.App.1999);

*White v. Director of Revenue,* 986 S.W.2d 475, 476 (Mo.App.1998);

*Adkins v. Director of Revenue,* 985 S.W.2d 407, 409 (Mo.App.1999);

*Kafoury v. Director of Revenue,* 983 S.W.2d 188, 189 (Mo.App.1998);

*Plank v. Director of Revenue,* 982 S.W.2d 811, 814 (Mo.App.1998);

*Bramer v. Director of Revenue,* 982 S.W.2d 793, 794 (Mo.App.1998);

*Farin v. Director of Revenue,* 982 S.W.2d 712, 714 (Mo.App.1998);

*Hurley v. Director of Revenue,* 982 S.W.2d 694, 696 (Mo.App.1998);

*Haas v. Director of Revenue,* 975 S.W.2d 483, 484 (Mo.App.1998);

*Anderson v. Director of Revenue,* 969 S.W.2d 899, 902 (Mo.App.1998);

*Barrett v. Director of Revenue,* 963 S.W.2d 717, 719 (Mo.App.1998);

*Green v. Director of Revenue State of Mo.,* 961 S.W.2d 936, 938 (Mo.App.1998);

*Andersen v. Dir. of Revenue,* 944 S.W.2d 222, 224 (Mo.App.1997).