William J. WAGNER, Respondent,

v.

DIRECTOR OF REVENUE, STATE
OF MISSOURI, Appellant.

No. 25798.

Missouri Court of Appeals,
Southern District,
Division One.

May 28, 2004.

Jeremiah W. (Jay) Nixon, Atty. Gen.,
David P. Hart, Asst. Atty. Gen., Jefferson
City, for Appellant.

No brief filed on behalf of Respondent.

ROBERT S. BARNEY, Presiding
Judge.

Appellant Missouri Director of Revenue
("Director") appeals from the judgment
setting aside the revocation of Respondent
William J. Wagner's ("Driver") driving
privileges previously entered by Director,
arising from Driver's alleged refusal to
submit to a chemical test under Missouri's
Implied Consent Law, section 577.020.[1]
Over the objections of Driver, Director
submitted the case to the trial court en-
tirely on Director's records, as certified

---

1. Statutory references are to RSMo.2000, un-     less otherwise set out.

pursuant to section 302.312.[2] Driver presented no evidence in his petition filed pursuant to sections 302.311 and 577.041.[3] In rendering judgment the trial court made the following entry: "Judgment is for [Driver]." We reverse and remand.

We will affirm the trial court's judgment unless there is no substantial evidence to support it, unless the decision is contrary to the weight of the evidence, or unless the trial court erroneously declares or applies the law. *Verdoorn v. Director of Revenue,* 119 S.W.3d 543, 545 (Mo. banc 2003). While we defer to the trial court's determination regarding credibility, when the evidence supporting revocation is uncontroverted or admitted so that the real issue is a legal one as to the legal effect of the evidence, then there is no need to defer to the trial court's judgment. *Id.; Hinnah v. Director of Revenue,* 77 S.W.3d 616, 620 (Mo. banc 2002). This standard of review does not allow us to disregard uncontroverted evidence that supports Director's contention that all elements were proven. *Hopkins–Barken v. Director of Revenue,* 55 S.W.3d 882, 885 (Mo.App.2001).

■ Under section 577.041, a person who refuses to take a breath test shall have his or her license revoked, but that person may request a hearing for review before a court in the county in which the stop or arrest was made. *Dixon v. Director of Revenue,* 118 S.W.3d 302, 305 (Mo.App.2003). At such a hearing, the trial court can only determine the following: "(1) whether the person was arrested or stopped; (2) whether the officer had reasonable grounds to believe the person

was driving a motor vehicle in an intoxicated condition; and (3) whether the person refused to submit to the chemical test." *Id.; see Hinnah,* 77 S.W.3d at 620. If the trial court determines any issue not to be in the affirmative, the court shall order Director to reinstate the license or the permit to drive. *Hinnah,* 77 S.W.3d at 620. Director bears the burden of proof at the hearing. *Id.; see Swanberg v. Director of Revenue,* 122 S.W.3d 87, 90 (Mo. App.2003).

■ The record shows that on November 25, 2002, Driver was operating his vehicle on Grant Avenue in Springfield, Missouri, when Springfield Police Sergeant Schwert observed Driver's vehicle touching and going over the center line of the roadway and rubbing the right curb numerous times. In the process of stopping his vehicle, Driver rolled up on the curb and into the grass before re-entering the street. Upon arriving at the scene, Springfield Police Officer Mark E. Phillips observed that Driver was alone in his vehicle. Officer Phillips smelled the "odor of an intoxicating beverage coming from inside of the vehicle and on [Driver's] person." Driver admitted having had a "few" drinks that evening, stating he had been to "a party." Driver exhibited watery, bloodshot, glassy eyes; swayed and stumbled while walking; had sagging knees; and demonstrated slurred speech. He was not able to perform the stand-on-one-leg field sobriety test, nor was he able to perform the walk-and-turn field sobriety test. Officer Phillips arrested Driver and informed him of his *Miranda* rights.[4] At the police station, Driver was advised of the implied

2. The records consisted of the Missouri Driver Record of Driver; a four page Alcohol Influence Report prepared by Springfield Police Officer Mark E. Phillips, dated November 25, 2002; a three page Incident Report prepared by Officer Phillips and dated November 25, 2002; a BAC Data Master Evidence Ticket;

and a Form 4323—notice of revocation of driving privileges, dated November 25, 2002.

3. Respondent has filed no brief.

4. *See Miranda v. Arizona,* 384 U.S. 436, 478–79, 86 S.Ct. 1602, 1630, 16 L.Ed.2d 694 (1966).

consent law, and he refused to take the chemical breath test at 6:42 P.M.

Here, there is no question that Driver was arrested or stopped for a traffic offense; that the officer had reasonable grounds to believe Driver was driving a motor vehicle in an intoxicated condition; and that Driver refused to submit to a chemical test, first having been warned of the possible loss of his license should he refuse to submit to the chemical test. All of the foregoing evidence was uncontradicted.

"We need not defer to the trial court's judgment when the evidence is uncontradicted." *Dixon*, 118 S.W.3d at 307. The trial court's judgment is reversed and the cause is remanded with directions for the trial court to reinstate the Director's decision to revoke Driver's driving privileges.

PREWITT, J. and GARRISON, J., concur.