Lindsay Rachel BRANDON, Respondent,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.

No. ED 84675.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 26, 2005.

Jeremiah W. (Jay) Nixon, Atty. Gen., Kathleen Fitzgerald, Jefferson City, MO, for appellant.

Jones & Rath, L.L.C., Jeffrey K. Rath, Clayton, MO, for respondent.

LAWRENCE G. CRAHAN, Judge.

The Director of Revenue for the State of Missouri ("Director") appeals the judgment reinstating Lindsay R. Brandon's ("Driver") driving privileges after an administrative suspension or revocation. We reverse and remand.

In the early morning of July 29, 2003, Officer Paul Bastean ("Officer") arrested Driver for driving while intoxicated. Officer transported Driver to the police station and informed her of her rights under the Missouri implied consent law. Driver then consented to providing a breath sample. Officer had observed Driver for at least

fifteen minutes prior to testing her breath and noted that she did not consume anything, spit up, or vomit during the fifteen-minute period. He used a DataMaster machine to administer the breath test after following the seven steps on the DataMaster operation checklist for proper use of the DataMaster and was able to obtain a printout. According to the breath analysis test, Driver had a blood alcohol level of .141%.

At trial, Officer testified regarding administration of the breath analysis test without objection, although Director did not question Officer regarding the actual results of the breath test and did not offer exhibits containing the results at that time. On cross-examination, Driver's attorney asked Officer whether he remembered asking Driver to take gum out of her mouth prior to administering the test. Officer responded that although he could not specifically recall when he asked Driver to take out of her mouth, he typically checks for gum at the scene since the presence of gum in a driver's mouth was an issue in a Department of Revenue proceeding several years before. Driver's attorney asked whether Driver would be telling the truth if she testified that she took the gum out of her mouth right before she took the test. Officer responded that she would not be telling the truth. Driver then read the following passage from Officer's report and asked whether the passage indicated that Driver removed her gum just prior to taking the test:

Q. [By Driver]: Okay, what if—now, I'm going to read the section of the report; you tell me if this sounds familiar.

A reading of point one four one BAC[1] was obtained using the department's DataMaster breath analysis instrument. Before the breath cancel—sample was obtained, I requested [Driver] remove her gum and any other objects from her mouth.

Officer agreed that the report did not sound as if he told Driver to remove her gum at the scene and that it would be improper for Driver to remove her gum right before the test because gum may contain alcohols that would disrupt the results. However, Officer testified on re-direct examination that Driver did not have any gum in her mouth in the patrol car or at the police station. Driver did not offer any evidence.

Before the conclusion of the hearing, Director asked the judge to admit Exhibit A, which contained the DataMaster checklist, Department of Revenue records, and the printout from the DataMaster, and Exhibit B, which contained the maintenance reports for the DataMaster machine and the Type II permit of the maintenance officer. Driver objected to admission of the "breath test itself" based on improper foundation since Officer did not testify in fact that during the 15-minute observation period prior to administration of the test he asked Driver to remove the gum from her mouth. The trial court accepted the exhibits but took Driver's objections under advisement.

In its judgment, the trial court explained that it reinstated Driver's driving privileges because there was no positive proof that all objects had been removed from Driver's mouth prior to administration of the breath test. This appeal follows.

1. Director argues that when Driver read this portion of the report during cross-examination, Driver essentially admitted Driver's blood alcohol content into evidence. However, Director cites no authority and our re-

search has found none indicating that reading this language as part of Driver's question on cross-examination constitutes an admission of the test results in light of Driver's clear intent to show that the results were inadmissible.

■ We will affirm the trial court's judgment unless there is no substantial evidence to support it, it is contrary to the weight of the evidence, or it erroneously declares or applies the law. *Verdoorn v. Director of Revenue*, 119 S.W.3d 543, 545 (Mo. banc 2003) (citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)). We defer to the trial court's determination of credibility. *Id.* If the parties do not request findings of fact and the court makes no finding on a specific issue, we assume that such determination of fact was made consistent with the judgment entered by the trial court. *McCarthy v. Director of Revenue*, 120 S.W.3d 760, 761 (Mo.App. 2003). However, in license revocation cases, a trial court is not free to disregard unequivocal and uncontradicted evidence that supports the director's contentions. *Id.* Moreover, our standard of review does not permit us to disregard uncontroverted evidence supporting the fact that all elements of the director's case were met. *Id.*

In Director's sole point on appeal, Director argues that the trial court erred in setting aside the suspension of Driver's driving privileges because Director established a prima facie case under section 302.505,[2] which Driver did not rebut. In particular, Director argues that she established that Officer had probable cause to believe Driver was driving while intoxicated and that Driver's blood alcohol content was above the statutory limit. In addition, Director maintains that Driver presented no evidence to rebut or raise a genuine issue of fact with respect to Director's evidence but merely speculated on other possibilities.

■ To support a revocation or suspension of a driver's license, Director must establish the following elements: (1) that Driver was arrested upon probable cause for violating an alcohol-related offense; and (2) that Driver's blood alcohol concentration exceeded the legal limit of .08%. Section 302.505.1. Once Director has established by a preponderance of evidence that both elements are met, Driver is then entitled to produce rebuttal evidence that raises a genuine issue of fact regarding the validity of the blood alcohol test results. *Verdoorn*, 119 S.W.3d at 546. The rebuttal evidence should challenge the presumption of validity raised by Director's prima facie case, and Driver's burden is one of production, not persuasion. *Id.* Director retains the burden of proof throughout the proceeding. *Id.*

■ In her brief, Driver concedes that she was arrested upon probable cause. Thus, we only need to consider whether Director established by a preponderance of evidence that Driver's blood alcohol concentration exceeded the legal limit of .08%. When a breathalyzer test is the method used to establish a prima facie case on blood alcohol content, the proponent for its admission usually has to meet all foundational prerequisites for its admission. *Krieger v. Director of Revenue*, 14 S.W.3d 697, 701 (Mo.App.2000). These foundational requirements consist of the following: (1) the test was performed by following approved techniques and methods of the Division of Health; (2) the operator held a valid permit; and (3) the equipment and devices were approved by the Division of Health. *Id.*

Director initially argues that she satisfied all three foundational requirements and established her prima facie case, requiring Driver to raise a genuine issue with regard to Director's evidence. In response, Driver argues that because the trial court did not admit Director's test results, Director did not establish a prima

2. All statutory references are to RSMo Supp. 2004 unless otherwise indicated.

facie case. In particular, Driver contends that because Director did not demonstrate that Officer kept substances from going into or coming out of Driver's mouth during the 15–minute observation period, Director did not prove that Driver's blood alcohol content exceeded .08%. *See* 19 C.S.R. 25–30.060(7); *Duing v. Director of Revenue,* 59 S.W.3d 537, 539–40 (Mo.App. 2001), *overruled on other grounds by Verdoorn,* 119 S.W.3d at 547.

Although the trial court did not specifically rule on the admissibility of Driver's test results at trial, it reinstated Driver's driving privileges because there was no positive proof that all objects had been removed from Driver's mouth prior to administration of the breath test. From this ruling, we may infer that the trial court determined that Driver's breath test results were inadmissible based on lack of foundation. However, in the alternative, we may also infer that the trial court determined that Director established a prima facie case but that Driver successfully rebutted Director's case. Since we may affirm the trial court's judgment on any reasonable theory supported by substantial evidence, we will consider both possibilities to determine whether the trial court erred. *Testerman v. Director of Revenue,* 31 S.W.3d 473, 477 (Mo.App. 2000), *overruled on other grounds by Verdoorn,* 119 S.W.3d at 546.

■ Assuming that the trial court found that Director did not establish a prima facie case, Driver is correct in arguing that she was not required to offer evidence that raised a genuine issue of fact with respect to Director's prima facie showing. Nevertheless, we may reverse if the trial court erred in refusing to consider Driver's test results based on lack of foundation. *See Coyle v. Director of Revenue,* 88 S.W.3d 887, 896 (Mo.App.2002). Here, the trial court presumably refused to admit Driver's breath test results because Director did not positively show that all objects were removed from Driver's mouth prior to administration of the test. Based on our review of the record, however, Director did provide positive evidence that all objects were removed from Driver's mouth at the appropriate time. As stated above, while we defer to a trial court's determination of the credibility of witnesses, a trial court is not free to disregard unequivocal and uncontradicted evidence that supports an element of Director's prima facie case. *McCarthy,* 120 S.W.3d at 761. Here, Officer unequivocally stated that he removed any objects from Driver's mouth at the scene and well before administration of the test.

■ Driver argues that Officer equivocated with respect to when he asked Driver to remove her gum because his report could be read to indicate that Driver did not remove her gum at the scene, contrary to Officer's testimony on direct and re-direct examination. While Driver attempted to diminish Officer's credibility during cross-examination, we disagree that Officer's answers rendered the test results inadmissible. Although the trial court in a civil case is free to rely on inferences from the evidence in determining whether a party has met its burden of proof, they must be reasonable in nature, and the trial court cannot rely on guesswork, conjecture, and speculation. *Testerman,* 31 S.W.3d at 483. The evidence should have a tendency to exclude every reasonable conclusion other than the one desired. *Id.* Although an inference need not be justified beyond all doubt and is not precluded by a mere possibility that the contrary may be true, the law does not approve the drawing of forced and violent inferences which do not arise from a reasonable interpretation of the facts as actually shown. *Id.* We find that the trial court's conclusion that Di-

rector did not present positive proof that all objects were removed from Driver's mouth was an unreasonable inference in light of Officer's testimony to the contrary.

Driver also argues that *Testerman* and the other cases Director cites are not applicable because they concern whether a driver rebutted the director's prima facie case and not whether the director established a prima facie case initially. Although in *Testerman* the court was considering whether the driver's evidence rebutted the director's prima facie case, we disagree that the principles set forth above do not apply here. Significantly, the court cited *Herberholt v. dePaul Cmty. Health Ctr.*, 625 S.W.2d 617, 623 (Mo. banc 1981), a case that did not involve an administrative license suspension, as authority for its discussion of reasonable inferences. We hold that the reasoning in *Testerman* applies to the trial court's findings in this case notwithstanding the procedural distinctions.

Driver does not dispute whether Director established the second two foundational prerequisites for admitting breath analysis test results. Accordingly, because Director produced evidence in support of all three foundational elements, the trial court erred in failing to admit Driver's breath analysis test results.

■ On the other hand, if we assume that the trial court found that Director did establish a prima facie case but that Driver successfully rebutted its case, we again look to *Testerman*.[3] In *Testerman*, the driver challenged the director's prima facie

case by presenting evidence that she had a peppermint in her mouth during the required observation period. 31 S.W.3d at 480. The appellate court reversed the trial court's reinstatement of the driver's license because the trial court's inference that the driver had a peppermint in her mouth was unreasonable based on the evidence she presented and the evidence presented by the director. *Id.* at 483. In particular, the court stated that the driver's testimony indicated at best that the driver placed a peppermint in her mouth at some point before she gave her consent to take the breath analysis test and that the peppermint was still in her mouth when she gave her consent. *Id.* Relying on the principles regarding unreasonable inferences cited above, the court reasoned that there was no way to determine whether the mint was still in the driver's mouth during the observation period without engaging in pure speculation. *Id.* Thus, for the trial court to find that the driver rebutted the director's prima facie case, the trial court clearly had to resort to an inference that was unreasonable in that it relied on speculation. *Id.*

As in *Testerman*, for the trial court to conclude here that Driver had gum in her mouth immediately prior to taking the breath analysis test, it would have to rely on pure speculation. Driver presented no evidence to support her contention that she had gum in her mouth during the observation period other than Officer's responses on cross-examination. However, as discussed above, without resorting to

---

**3.** We acknowledge that *Testerman* cited an improper framework for the extent of the driver's burden of proof. *See Verdoorn*, 119 S.W.3d at 546. However, we find that the court's reasoning in *Testerman* is consistent with the proper burden-shifting framework, i.e., that the driver's burden is one of production and not persuasion. *Verdoorn*, 119 S.W.3d at 546. The court in *Testerman* did

not find that the driver's evidence failed to show by a preponderance of the evidence that her blood alcohol level did not exceed the statutory limit. Rather, it held that the trial court made unreasonable inferences from the driver's evidence, which would also render the driver's rebuttal insufficient under the framework set forth in *Verdoorn*. *See Testerman*, 31 S.W.3d at 483.

pure speculation, Officer's responses did not indicate that Driver had gum in her mouth during the observation period. Moreover, to rebut Director's prima facie case, Driver is required to present evidence that raises a genuine issue of fact regarding the validity of the test results. *Verdoorn*, 119 S.W.3d at 546. Inconclusive testimony is not sufficient to rebut the presumption of intoxication established by Director's prima facie case. *Id.* at 547. Director's point is granted.

The judgment is reversed and the cause is remanded for reinstatement of Driver's revocation.

LAWRENCE E. MOONEY, P.J., and MARY K. HOFF, J., concur.