Michael E. COYLE, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. SC 86739.

Supreme Court of Missouri,
En Banc.

Nov. 22, 2005.

Rehearing Denied Jan. 31, 2006.

James A. Chenault, III, Special Asst. Atty. Gen., Jeremiah W. (Jay) Nixon, Aty. Gen., Cheryl C. Nield, Asst. Atty. Gen., Jefferson City, for Appellant.

Jeffrey S. Eastman, Gladstone, for Respondent.

LAURA DENVIR STITH, Judge.

Michael E. Coyle's driving privileges were suspended pursuant to section 302.505.1.[1] After a trial *de novo*, the trial court entered judgment for Coyle. On appeal, the case was reversed and remand-

---

1. All statutory references are to RSMo 2000.

ed. *Coyle v. Dir. of Revenue*, 88 S.W.3d 887 (Mo.App.2002)(*Coyle I* ). On remand, the trial court again entered judgment for Coyle. The trial court concluded that the director of revenue failed to show compliance with the 15–minute observation period as required by *Carr v. Director of Revenue*, 95 S.W.3d 121 (Mo.App.2002).[2] The judgment is reversed, and the case is remanded.

## FACTS

The facts of the case are more fully set out in *Coyle I*. On that appeal, the court held that the director had established a *prima facie* case, but remanded the matter to allow Coyle the opportunity to present rebuttal evidence.

For purposes of this appeal, the salient facts are that Coyle was arrested at 1:05 a.m. After an initial investigation, the officer placed Coyle in the front seat of the patrol car. The officer then returned to Coyle's vehicle to determine whether Coyle's wife could drive. After administering a portable breath test and determining that she could not, the officer escorted her to his patrol car as well. The officer drove the Coyles' car to a safe location 35 to 50 feet away from where it was stopped. Coyle provided a breath sample at 1:22 a.m. During this 17–minute period, the trial court found Coyle was left unattended in the patrol car for a minimum of five minutes. There was no evidence that during this period Coyle smoked, vomited or had an oral intake of any material. There was some evidence that Coyle belched during the observation period while sitting in the patrol car.

## STANDARD OF REVIEW

■ In reviewing a court-tried case, this Court sustains the judgment of the

court below unless the judgment is not supported by substantial evidence, is against the weight of the evidence, erroneously declares the law, or erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). When the evidence is uncontroverted and the real issue concerns its legal effect, this Court need not defer to the trial court's judgment. *Hinnah v. Dir. of Revenue*, 77 S.W.3d 616, 620 (Mo. banc 2002).

## ANALYSIS

■ The director argues that Coyle failed to rebut the *prima facie* case since he did not adduce any evidence that he engaged in any proscribed conduct during the requisite 15–minute observation period.

■ This Court restated the basis for rebutting the director's *prima facie* case in *Verdoorn v. Director of Revenue*, 119 S.W.3d 543, 545 (Mo. banc 2003). A *prima facie* case for suspension under section 302.505.1 is established if the director presents evidence showing: (1) probable cause for the arrest and (2) the driver's blood alcohol level exceeded the legal limit. This evidence creates a presumption that the driver was intoxicated. To show that the blood alcohol level was excessive, the director can introduce evidence of a breathalyzer test. To establish a *prima facie* foundation for the admission into evidence of the results of a breathalyzer test, the director must establish the test was performed: (1) following the approved techniques and methods of the division of health,[3] (2) by an operator holding a valid permit, (3) on equipment and devices approved by the division. *Stuhr v. Director*

---

**2.** *Carr* was not decided at the time of the first trial *de novo*.

**3.** The division of health regulations are found at 19 CSR 25–30.060.

*of Revenue, State of Mo.,* 766 S.W.2d 446, 449 (Mo. banc 1989).

■ Once the director makes a *prima facie* showing of probable cause to believe that the person was driving while intoxicated, the driver is entitled to present rebuttal evidence that raises a genuine issue of fact regarding the validity of the blood alcohol test results. The rebuttal evidence should challenge the presumption of validity established by the director's *prima facie* case. *Verdoorn* emphasized that the director retains the burden of proof throughout the proceeding; the driver's burden is one of production—not persuasion. *Verdoorn* at 546.

In light of *Verdoorn's* restatement of the law, cases that were decided before *Verdoorn* are of very limited value in determining what evidence is sufficient for a court to find that the director's *prima facie* case is rebutted.[4] As noted by *Verdoorn*, where the driver is attempting to rebut the foundation for a test showing that his or her blood alcohol exceeded the statutory limit, the rebuttal evidence must raise a genuine issue of fact regarding the validity of the blood alcohol test results. *Id.*

Here, the driver is attempting to attack the validity of the blood alcohol test results by showing that the driver was not observed for a 15–minute period prior to taking the test. Such an observation period is required by 19 CSR 25–30.060. For purposes of this case, the regulations required, in part, the following: the subject was observed for 15 minutes by a named person; no smoking or oral intake of any material occurred during the observation period; and, if vomiting occurred during

an observation period, the 15–minute observation period was started over.

■ If the driver alleges a proper 15–minute observation period did not occur, at least three scenarios may arise:

◆ First, evidence may be presented that during the relevant 15–minute observation period the subject smoked, had oral intake of any material, or vomited. Since the reason for the 15–minute observation period is to ensure that neither smoking, vomiting nor oral intake of materials occur during the 15 minutes prior to testing the blood alcohol level, the regulation effectively creates a presumption that smoking, vomiting or oral intake of material during the 15–minute period invalidates the test results. Evidence, if believed by the court, that one of these events occurred during the 15 minutes prior to the test is sufficient to rebut the director's *prima facie* case without presentation of any additional evidence as to the specific effect of smoking, vomiting, or other oral intake of material on the blood alcohol results.

◆ Second, the driver may present evidence that during the relevant 15–minute observation period the driver did something or was subject to some factor other than smoke, oral intake of any material, or vomiting that affects the validity of the blood alcohol results. The regulations do not create a presumption that such other factors affect the validity of the test. Therefore, by merely showing that some other factor has occurred, the driver had not rebutted the director's *prima facie* case unless there is also evidence showing, by expert testimony or otherwise, that the new factor raises a genuine issue of fact

4. E.g., *Carr; Duing v. Dir. of Revenue,* 59 S.W.3d 537 (Mo.App.2001); *Testerman v. Dir. of Revenue,* 31 S.W.3d 473 (Mo.App.2000);

*Krieger v. Dir. of Revenue,* 14 S.W.3d 697 (Mo.App.2000).

regarding the validity of the blood alcohol test results.

♦ Third, the only evidence presented may be that the 15–minute observation period was not observed. While a failure to observe the driver for the requisite 15–minute period permits the driver to present evidence that an event occurred during that period that affected the result, if the driver fails to offer such evidence, then the director's *prima facie* case has not been rebutted, as the lack of observation, without more, does not provide a basis to question the validity of the blood alcohol test results.

Applying these standards to this case, *Coyle I* resolved that the director established a *prima facie* case. On remand, however, Coyle was entitled to rebut the director's *prima facie* case with evidence that his blood alcohol content did not exceed the legal limit. *Verdoorn* at 545. This rebuttal evidence could include evidence that the foundation for the test results was not sound. *See Brandon v. Director of Revenue, State of Mo.,* 161 S.W.3d 909, 914 (Mo.App.2005).

On remand, Coyle presented rebuttal evidence, which the trial court credited, that the officer did not observe Coyle for the requisite 15–minute period. As noted, such evidence is not sufficient alone to rebut the director's *prima facie* case. For the reasons discussed above, Coyle was also required to present evidence that he smoked, vomited or orally took other materials during that period or evidence that some other factor occurred with additional evidence showing that the factor affected the validity of the blood alcohol test results. He failed to do so. While Coyle presented some evidence that he belched during the 15–minute period, the trial court did not consider such testimony,

Coyle presented no evidence as to the effect of belching on blood alcohol test results, nor is the effect of belching on blood alcohol test results a matter subject to judicial notice. Accordingly, Coyle failed to rebut the director's *prima facie* case.

## CONCLUSION

Because the trial court relied solely on the evidence relating to the observation period in reaching its decision, and because that evidence was insufficient to rebut the director's *prima facie* case, the judgment is reversed. Because Coyle offered other evidence that the trial court did not consider and that may be relevant to the determination whether the director's *prima facie* case was rebutted, and because cases decided prior to *Verdoorn* may have created confusion as to whether and when the driver must present evidence to rebut the director's *prima facie* case [5] if the 15–minute observation period has not been observed, the case is remanded.

All concur.

**5.** *See, e.g.,* cases cited in note 5.