**Anand BHAKTA, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

No. ED 85608.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 13, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 24, 2006.

Application for Transfer Denied
Feb. 28, 2006.

Cheryl Caponegro Nield, Assistant Attorney General, Jefferson City, MO, for appellant.

Carl M. Ward, Washington, MO, for respondent.

PATRICIA L. COHEN, Judge.

### Introduction

The Director of Revenue appeals the judgment of the Circuit Court of St. Louis County reinstating Anand Bhakta's ("Driver") driving privileges after an administrative suspension. We reverse.

### Statement of the Facts and Proceeding Below

On June 28, 2003, at 5:23AM, Officer Matthew Rovang of the Maryland Heights Police Department responded to the scene of a stranded motorist on I–270. Officer Rovang found a minivan with heavy damage parked on the shoulder. Driver was in the driver's seat, uninjured. Driver explained to Officer Rovang that the van hit a guardrail a few miles away causing his airbags to deploy, but he kept driving until the van stopped running. Driver stated that he had not consumed any alcohol since the accident.

While talking to Driver, Officer Rovang noticed that Driver slurred his speech and smelled of alcohol. Officer Rovang observed that Driver had bloodshot, glassy eyes and dilated pupils. After Driver performed poorly on several field sobriety tests, Officer Rovang arrested Driver for driving while intoxicated.

At 5:49AM, Officer Rovang handcuffed Driver and placed him in the back seat of the patrol car. Officer Rovang then searched Driver's van for five to ten minutes. After the search, Officer Rovang transported Driver to the police station. At 6:01AM, Officer Rovang read Driver *Miranda* and implied consent warnings. At 6:07AM, Driver took a breath test which revealed a blood alcohol content ("BAC") of .163 percent.

The Director of Revenue suspended Driver's driving privileges and Driver filed a Petition for Trial de Novo. The trial was held November 3, 2004. At the start of the trial, the parties entered into two stipulations: (1) Officer Rovang had probable cause to arrest Driver; and (2) the instrument used to test Driver's BAC was properly maintained and calibrated under Division of Health regulations. Thereafter, counsel for Driver advised the trial court that "the issue in this case will be whether or not the petitioner was properly observed during the 15–minute period immediately preceding the breath test and therefore, the admissibility of the breath test."

With respect to the 15–minute observation period, Officer Rovang testified that Driver did not smoke, put anything into or take anything out of his mouth, spit or vomit during the time that Officer Rovang was with Driver from 5:23AM until the time of the breath test. However, Officer Rovang admitted for some portion of the time subsequent to 5:23AM Driver was handcuffed in the rear of the patrol car and not in Officer Rovang's view. Officer Rovang testified that he did not keep liquor or cigarettes inside the patrol car. Driver did not testify and therefore offered no evidence that he smoked, spit, vomited or put anything into his mouth while in the back of the patrol car and out of Officer Rovang's view.

Following the trial, the trial court found that Officer Rovang "failed to observe [Driver] for at least 15 minutes immediately preceding the breath test and that, therefore, the breath test results are not admissible evidence." The trial court ruled in favor of Driver and reinstated Driver's driving privileges. The Director appealed.

### Standard of Review

We will affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976); *Hinnah v. Director of Revenue,* 77 S.W.3d 616, 620 (Mo. banc 2002). We accept as true all evidence and inferences in favor of the prevailing party and disregard contrary evidence. *McMurray v. Director of Revenue,* 800 S.W.2d 820, 821 (Mo.App. E.D. 1990).

### Discussion

In Director's sole point on appeal, Director contends that the trial court erred in setting aside the suspension of Driver's driving privileges because Director established a prima facie case under Section 302.505 RSMo.2000 which Driver did not rebut. More specifically, the Director contends that the trial court erred when it refused to admit the breath test results.

To establish a prima facie case under Section 302.505, the Director must establish: (1) probable cause for the arrest; and (2) the driver's blood alcohol level exceeded the legal limit. *Verdoorn v. Director of Revenue,* 119 S.W.3d 543, 545 (Mo. banc 2003). Once the Director has established a prima facie case, the burden is on the driver to rebut the prima facie case. *Id.* Because the parties stipulated that the Driver was arrested on probable cause, the Director needed only to establish that Driver's blood alcohol level exceeded the legal limit of .08 percent. *See Martise v. Director of Revenue,* 160 S.W.3d 407, 410–11 (Mo.App. E.D.2005).

To prove Driver's blood alcohol level exceeded the legal limit, the Director offered Driver's breath test results. Driver objected to the admission of his results on the basis that Officer Rovang did not observe Driver for 15 minutes prior to the breath test.

Prior to the admission of breath test results, the Director must demonstrate that: (1) the equipment and devices used for the breath test were approved by the Division of Health; (2) the operator held a valid permit; and (3) the test was performed by following approved techniques and methods of the Division of Health. *Martise,* 160 S.W.3d at 410. In this case, because the parties stipulated to the first two foundational requirements, the only issue was whether the test was performed by using the approved techniques and methods of the Division of Health as set forth in state regulations. The regulations require, in part, that: (1) the driver is

observed for 15 minutes by a named person; (2) no smoking or oral intake of any material occurred during the observation period; and (3) if vomiting occurred during the observation period, the 15–minute observation period is started over. *Coyle v. Director of Revenue*, No. SC 86739, 2005 WL 3112128, at *2 (Mo. banc 2005).

During Driver's cross-examination, Officer Rovang testified that Driver was sitting alone in the patrol car for five to ten minutes while Officer Rovang searched Driver's van. At the earliest, Officer Rovang returned from searching the van at 5:54AM. He administered the breath test at 6:07AM, less than 15 minutes after returning from searching Driver's van. Thus, Driver argued, for some time during the 15 minutes preceding the test, Officer Rovang did not observe him face-to-face in violation of Division of Health regulations.

The recent Supreme Court decision in *Coyle v. Director of Revenue* controls the disposition of this case. *Coyle*, 2005 WL 3112128. In *Coyle*, the Supreme Court reversed a trial court judgment reinstating a driver's privileges because the Director failed to comply with the 15–minute observation period. *Id.* at *3. The Court held that evidence that the officer did not observe the driver during the requisite 15–minute period, without more, is insufficient to rebut Director's prima facie case. *Id.* Rather, to rebut the Director's prima facie case, a driver must demonstrate that: (1) he smoked, had oral intake of any material or vomited; (2) did something or was subject to some factor other than smoke, oral intake of any material or vomiting that affected the validity of the blood alcohol results; or (3) was not observed during the 15–minute period and an event occurred during that period that affected the result. *Id.*

In this case, Driver did not present evidence that an event occurred during the observation period that could have affected the results of the breath test. Driver established only that Officer Rovang did not observe him face-to-face while he searched his van, but not that he put anything in his mouth, smoked or vomited. Moreover, the record clearly demonstrates that Driver was handcuffed in a patrol car which contained no food, alcohol or cigarettes and had no opportunity to put anything into his mouth. Driver's evidence is, as a matter of law, insufficient to rebut the Director's prima facie case. *See Coyle*, at *3.

### Conclusion

The judgment is reversed and the cause is remanded for entry of judgment in favor of Director.

MARY K. HOFF, P.J., and CLIFFORD H. AHRENS, J, concur.