Frankie Ray VANDERPOOL
III, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. SC 88013.

Supreme Court of Missouri,
En Banc.

May 29, 2007.

Rehearing Denied July 6, 2007.

Jeremiah W. (Jay) Nixon, Atty. Gen., Nicole L. Loethen, Asst. Atty. Gen., Jefferson City, for Appellant.

Carl M. Ward, Washington, Jeffrey S. Eastman, Gladstone, for Respondent.

RICHARD B. TEITELMAN, Judge.

The Director of Revenue appeals from a judgment reinstating the driving privileges of Frankie Ray Vanderpool. The director asserts that the circuit court erred in concluding that blood alcohol test results were inadmissible because the test administrator did not conduct an uninterrupted 15–minute observation prior to administering the test. In *Coyle v. Director of Revenue,* 181 S.W.3d 62 (Mo. banc 2005), this Court established that that failure to conduct a 15–minute observation is not, standing alone, a sufficient basis to undermine the validity of blood alcohol test results. Therefore, the circuit court erred in finding that the test results were inadmissible. The judgment is reversed, and the case is remanded.[1]

## FACTS

On September 7, 2003, at 2:00 a.m., Vanderpool was arrested for driving while intoxicated. He was handcuffed, placed in the patrol car, and transported to the Benton County sheriff's department. The drive to the sheriff's department took approximately 25 to 30 minutes. At 2:39 a.m., a blood alcohol breath test was administered. The test showed Vanderpool's blood alcohol content was .166, which exceeds the legal limit of .08.

The director notified Vanderpool that his driver's license had been suspended, pursuant to section 302.505, for "driving a motor vehicle while the alcohol concentration in [his] blood, breath, or urine was eight-hundredths of one percent or more by weight." Vanderpool requested and obtained administrative review of his suspension. The suspension was upheld. Vanderpool then petitioned for de novo review of the suspension in the circuit court of Benton County.

At trial, Vanderpool objected to the admission of the breath test on the grounds that the trooper did not comply with the 15–minute observation period. The circuit court sustained Vanderpool's objection because "the arresting officer did not observe [Vanderpool] for 15 minutes as required." The circuit court found that during part of the 15–minute observation period, the trooper was driving the patrol car and that his testimony that he observed Vanderpool was not credible. Without the blood alcohol test results, the director was unable to establish a *prima facie* case for suspension. Accordingly, the circuit court set aside the suspension. The director appeals.

## ANALYSIS

The trial court's judgment reinstating Vanderpool's driving privileges will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Walker v. Dir. of Revenue,* 137 S.W.3d 444, 446 (Mo. banc 2004). As to the admission of evidence, the *circuit court's decision is reviewed for abuse of discretion. Vernon v. Director of Revenue,* 142 S.W.3d 905, 909 (Mo.App. S.D.2004).

In order to establish a *prima facie* case for suspension of a driving license for driving while intoxicated, the director must present evidence showing "(1) probable cause for the arrest and [that] (2) the driver's blood alcohol level exceeded the legal limit." *Coyle v. Director of Revenue,* 181 S.W.3d 62, 64 (Mo. banc 2005). To establish a foundation for ad-

1. This Court has jurisdiction after granting transfer following an opinion by the court of appeals. Mo. CONST. art. V, sec. 10.

mitting blood alcohol test results, the director must establish that the test was performed: (1) following approved techniques and methods of the division of health, (2) by an operator holding valid permit, (3) on equipment and devices approved by the division. *Id.*

Among the approved techniques and methods for administering a blood alcohol test is that the test administrator must observe the test subject for 15 minutes prior to administration of the test. 19 CSR 25–30.060. For purposes of this case, the regulations required, in part, the following: the subject was observed for 15 minutes by a named person; no smoking or oral intake of any material occurred during the observation period; and, if vomiting occurred during the observation period, the 15–minute observation period must begin again.

The director argues that the circuit court abused its discretion in excluding the blood alcohol test results because Vanderpool did not allege that he engaged in any activity that might have affected the test result. The director is correct. In *Coyle v. Director of Revenue*, 181 S.W.3d 62, 64 (Mo. banc 2005), this Court established the analytical framework for assessing claims that blood alcohol test results are inadmissible due to an alleged failure to abide by the 15–minute observation requirements.[2] This Court held that a blood alcohol test is not rendered inadmissible when a driver establishes that the officer did not conduct an uninterrupted, 15–minute visual observation of the driver. In addition to the lack of continuous observation, the driver must also present some evidence that he or she smoked, vomited or orally ingested

some other materials during the 15 minute period, or present evidence showing, by expert testimony or otherwise, that "the driver did something or was subject to some factor other than smoke, oral intake of any material, or vomiting that affects the validity of the blood alcohol results." *Id.* at 66. "[T]he lack of observation, without more, does not provide a basis to question the validity of the blood alcohol test results." *Id.*

Vanderpool did not allege that he engaged in any of the prohibited activities. Therefore, under *Coyle*, the circuit court erred in finding that the blood alcohol test results were inadmissible solely because the trooper did not maintain an uninterrupted 15–minute observation while transporting Vanderpool to the Sheriff's Department for administration of the test.

The judgment is reversed, and the case is remanded.

All concur.

---

2. The issue in *Coyle* was whether the driver had rebutted the director's *prima facie* case for revocation while, in this case, the issue is whether the Director established a *prima facie* case. This is a procedural distinction without difference, and it does not influence the analysis. The central point of *Coyle* was that lack of observation alone is not a sufficient basis to question the validity of blood alcohol test results. The *Coyle* analysis is equally applicable to an assessment of whether a driver's objection is sufficient to prevent the director from establishing a *prima facie* case.