Robert M. WHITE, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. ED 88646.

Missouri Court of Appeals, Eastern District, Division Two.

June 26, 2007.

Joshua L. Fizer, Jefferson City, MO, for appellant.

John F. Newsham, St. Louis, MO, for respondent.

## OPINION

GEORGE W. DRAPER III, P.J.

Robert M. White's (hereinafter, "Driver") driver's license was suspended and his driving privileges were restricted pursuant to Section 302.505 RSMo (2000) [1] and Section 302.525. Driver petitioned for and received a trial de novo. Following the trial, Driver's driving privileges were rein-

---

1. All further statutory references herein are to RSMo (2000) unless otherwise indicated.

stated because the trial court determined the Director of Revenue (hereinafter, "the Director") failed to establish a prima facie case for the introduction of the breathalyzer results. The Director appeals. We reverse and remand.

Driver was arrested on August 6, 2005, at a sobriety checkpoint after failing three field sobriety tests. Driver was placed in a patrol car and transported with others from the checkpoint to the police station. At the police station, Driver was placed in the booking area for at least fifteen minutes. Driver was read his *Miranda* rights and informed of the Missouri Implied Consent law. After the 15–minute waiting period expired without Driver smoking, putting anything into or taking it out of his mouth, or vomiting, Driver consented to a breath test to determine the alcohol content of his blood. The officer who administered the test was certified to do so. The results indicated Driver had a blood alcohol concentration by weight of 0.136 percent, exceeding the legal limit. Other facts pertinent to this appeal will be discussed as needed.

■■■ This Court will affirm the trial court's judgment unless there is no substantial evidence to support it, the decision is contrary to the weight of the evidence, or the trial court erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976); *Verdoorn v. Director of Revenue,* 119 S.W.3d 543, 545 (Mo. banc 2003). We accept as true all evidence and inferences in favor of the prevailing party and disregard contrary evidence. *Hamor v. Director of Revenue,* 153 S.W.3d 869, 872 (Mo.App. E.D.2004). "If the evidence is uncontroverted or admitted so that the real issue is a legal one as to the legal effect of the evidence, then there is no need to defer to the trial court's judgment." *Hinnah v. Director of Revenue,* 77 S.W.3d 616, 620 (Mo. banc 2002).

In her sole point on appeal, the Director alleges the trial court erred in reinstating Driver's driving privileges because it misapplied the law, it was against the weight of the evidence, and unsupported by substantial evidence. The Director claims she laid a proper foundation for the admission of the blood alcohol content (hereinafter, "BAC") results and Driver failed to rebut her prima facie case. The Director states Driver was observed for at least fifteen minutes and did not engage in any prohibited activity which would have altered the BAC results. Further, the Director argues Driver did not present any evidence that he did anything which may have affected the BAC test results.

■■■ To establish a prima facie case for suspension of a driving license for driving while intoxicated, the Director must present evidence demonstrating: "(1) probable cause for the arrest and (2) the driver's blood alcohol level exceeded the legal limit." *Coyle v. Director of Revenue,* 181 S.W.3d 62, 64 (Mo. banc 2005). In order to illustrate the driver's blood alcohol level exceed the legal limit, the Director may introduce evidence of a breathalyzer test. "To establish a prima facie foundation for the admission into evidence of the results of a breathalyzer test, the [D]irector must establish the test was performed: (1) following the approved techniques and methods of the division of health, (2) by an operator holding a valid permit, (3) on equipment and devices approved by the division." *Id.* at 64–65. After the Director makes a prima facie showing of probable case demonstrating the driver was driving while intoxicated, "the driver is entitled to present rebuttal evidence that raises a genuine issue of fact regarding the validity of the blood alcohol test results." *Id.* at 65.

■■■ At trial, Driver stipulated there was probable cause for his arrest and he

only challenged the validity of the blood alcohol test results by stating he was not observed for a 15–minute, face-to-face, period prior to taking the test. The 15–minute observation period is required by 19 CSR 25–30.060. Driver claims that since he was in the large booking area with other people that the officer who was watching him could not adequately observe him for the required amount of time. On appeal, the Director contends Driver neither engaged in a proscribed activity nor did he present any evidence demonstrating he did anything which may have affected the test results.

This issue has been addressed and resolved by the Missouri Supreme Court in recent decisions. *See Vanderpool v. Director of Revenue*, 226 S.W.3d 108 (Mo. banc 2007) and *Coyle*, 181 S.W.3d 62. Merely alleging the 15–minute observation period was not complied with is not enough for a driver to rebut the Director's prima facie case. In order to rebut the Director's prima facie case, Driver must "present evidence that he smoked, vomited or orally took other materials during that period or evidence that some other factor occurred with additional evidence showing that the factor affected the validity of the blood alcohol test result." *Coyle*, 181 S.W.3d at 66. Since Driver failed to present any evidence that he engaged in a proscribed activity or there was an additional factor which affected his test results, his argument was ineffective at trial in rebutting the Director's prima facie case.

The judgment is reversed and remanded.

ROBERT G. DOWD, JR. and PATRICIA L. COHEN, JJ., concur.