Samantha K. ZAHNTER, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. WD 68027.

Missouri Court of Appeals,
Western District.

April 22, 2008.

Jeremiah W. (Jay) Nixon, Atty. Gen., Peter Lyskowski, Office of Attorney General, argues the case and Gary Lee Gardner, Office of Attorney General, Jefferson City, MO, joins in on the brief for appellant.

Kerry Rowden, Tuscumbia, MO, for respondent.

RONALD R. HOLLIGER, Judge.

The Director of Revenue ("DOR") appeals a judgment reinstating Samantha

---

Zahnter's driving privileges after they were administratively revoked for driving with a BAC in excess of .08% in violation of RSMo. Cum.Supp.2006 section 302.505.1. The trial court found that Zahnter's BAC test was invalid because she consumed alcohol within fifteen minutes of the test. Because that finding is not supported by the evidence, we reverse and remand with directions to enter judgment on behalf of the DOR.

Samantha Zahnter was stopped by an Eldon police officer who observed erratic driving at 3:05 A.M. on September 11, 2005. After she failed field sobriety tests, she was placed under arrest at 3:12 A.M. and transported to the Eldon Police Station. She consented to a Breathalyzer test that showed at 3:32 A.M. a blood alcohol content of .085%. After her license was revoked by DOR, she requested a de novo hearing before the circuit court.

Zahnter does not argue that the officer lacked probable cause to arrest her or that the Director failed to make a prima facie case. Her sole argument was that the officer did not comply with the fifteen—minute waiting period required before administration of her breath test.

A judgment reinstating the administrative suspension of driving privileges for driving while intoxicated will be reversed if the judgment is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Coyle v. Dir. of Revenue*, 181 S.W.3d 62, 64 (Mo. banc 2005). A court hearing such cases may disbelieve evidence presented by the Director but cannot simply disregard it. *Brown v. Dir. of Revenue*, 85 S.W.3d 1, 7 (Mo. banc 2002). Here the trial court made no credibility findings. Nor was there any contradictory evidence of the DOR's evidence that the fifteen—minute waiting period was observed.

Zahnter testified that she had a cup in her car and drank from it while driving. Even if we are to assume that the cup contained alcohol, she never testified that she drank from the cup after being removed from the vehicle for field sobriety tests. It is undeniable that this took place sometime between 3:05 A.M. when she was stopped and 3:12 A.M. when she was arrested. The test was not administered until 27 minutes after the stop. Zahnter did not testify that she drank, ate, or consumed anything after her stop by the police officer. Her best testimony was that she did not recall whether she might have had something in her mouth. The evidence did not support the trial court's judgment.

The judgment is reversed and remanded with directions to enter judgment in favor of the Director of Revenue.

VICTOR C. HOWARD, Chief Judge, and PAUL M. SPINDEN, Judge, concur.