**Ryan P. BARRETT, Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Appellant.**

**No. ED 91762.**

Missouri Court of Appeals, Eastern District, Division Three.

May 26, 2009.

Chris Koster, Amber R. Jordan, St. Louis, MO, for appellant.

Craig E. Hellmann, Washington, MO, for respondent.

CLIFFORD H. AHRENS, Judge.

The Director of Revenue, State of Missouri ("DOR") appeals the judgment of the trial court ordering the driver's license of Ryan P. Barrett ("Barrett") reinstated. The DOR argues the court erred in finding the suspension of Barrett's license was not supported by statute [1]. We reverse and remand.

Barrett was stopped by Trooper J.M. Linegar when Trooper Linegar noticed Barrett's vehicle driving with the left headlight out. Trooper Linegar also noticed the rear registration lights were out on the vehicle. He stopped Barrett. As Trooper Linegar was speaking to Barrett he noticed a "moderate" odor of intoxicants from the interior of the car and from Barrett's breath. Barrett's eyes were bloodshot. Barrett informed Trooper Linegar he had consumed one beer. Barrett was nineteen at the time. Trooper Linegar performed the horizontal gaze nystagmus test, the one leg stand test, and he took a sample of Barrett's breath. Barrett's blood alcohol concentration registered as .04%. Trooper Linegar placed Barrett under arrest for "minor visibly intoxicated" and took him to the police department. At the department Trooper Linegar administered another breath test which registered Barrett's blood alcohol content at .06%. Trooper Linegar issued Barrett citations for "minor visibly intoxicated while operating a motor vehicle," and for failing to have two lighted headlamps. Barrett subsequently received notice of the suspension of his license. Barrett filed a petition for trial de novo of the license suspension. The trial court entered judgment in favor of Barrett, finding that the language of section 302.505.1 RSMo (Supp.2001) [2], which formed the basis of the suspension, did not support the suspension "in this unique case." The court directed the DOR to reinstate Barrett's driving privileges. The DOR now appeals.

In its sole point on appeal, the DOR claims error in the trial court's determination that section 302.505.1 did not support the suspension of Barrett's driving

---

1. Barrett's motion to dismiss the appeal as moot is denied.

2. All further statutory references are to RSMo (Supp.2001), unless otherwise indicated.

privileges. The DOR argues Barrett was nineteen years old, he was arrested upon probable cause to believe he was driving while intoxicated, there was probable cause to believe Barrett violated a state, county, or municipal traffic ordinance, and Barrett's blood alcohol concentration was .06%.

■ Our review of a driver's license suspension or revocation is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). *Orton v. Director of Revenue*, 170 S.W.3d 516, 520 (Mo.App.2005). Thus, we will affirm the judgment of the trial court's decision to reinstate driving privileges if it is supported by substantial evidence, it is not against the weight of the evidence, and it does not erroneously declare or apply the law. *Id.* (citing *Murphy*, 536 S.W.2d at 32).

Pursuant to section 302.505.1, the DOR shall suspend or revoke an individual's driver's license if:

> "such person was less than twenty-one years of age when stopped and was stopped upon probable cause to believe such person was driving while intoxicated in violation of section 577.010, RSMo, ... or upon probable cause to believe such person violated a state, county or municipal traffic offense and such person was driving with a blood alcohol content of two-hundredths of one percent or more by weight."

Here, the trial court concluded Barrett's license was suspended based upon the language of section 302.505.1 requiring probable cause to believe Barrett violated a state, county, or municipal traffic offense. According to the trial court, Barrett's failure to have two lighted headlamps was not a "traffic offense." The court classified this as an "equipment" violation, not a moving violation, and concluded the language of section 302.505 did not support suspension of Barrett's license.

■ The level of probable cause required for the suspension or revocation of a driver's license is that probable cause necessary to arrest a driver for an alcohol-related violation. *Neer v. Department of Revenue*, 204 S.W.3d 315, 318 (Mo.App. 2006). Such probable cause exists if an officer observes the illegal operation of a motor vehicle and observes indicia of intoxication when coming in contact with the driver. *Hunt v. Director of Revenue*, 10 S.W.3d 144, 148 (Mo.App.1999). Trooper Linegar observed Barrett driving with only one headlamp lighted. The trial court considered only the narrow question of whether Barrett's suspension was proper based upon this observation under the provision of section 302.505.1 which required probable cause to believe a person under twenty-one years of age violated a state, county, or municipal traffic offense with a blood alcohol content of two-hundredths of one percent or more by weight. The trial court made a distinction between a moving traffic violation and an "equipment" violation based upon Barrett's failure to have two lighted headlamps. We need not determine whether the failure to display two lighted headlamps constituted a "traffic offense" for purposes of that portion of section 302.505.1, however, because a person less than twenty-one years of age can also be subject to suspension or revocation under section 302.505.1 if that person was stopped upon probable cause to believe such person was driving while intoxicated in violation of section 577.010 RSMo.

Probable cause exists if an officer observes the illegal operation of a motor vehicle and also observes indicia of intoxication when he comes in contact with the driver. *Hunt*, 10 S.W.3d at 148. Here, Trooper Linegar observed Barrett operating a vehicle in an illegal manner, specifically in violation of section 307.105 RSMo

(2000), which requires at least two lighted lamps to be displayed, one on each side of the front of the vehicle. After Trooper Linegar stopped Barrett, he noticed a "moderate" odor of intoxicants coming from inside the vehicle. As he spoke with Barrett he also detected the moderate odor of intoxicants from Barrett's breath. Trooper Linegar noticed Barrett's eyes were bloodshot, and Barrett informed Trooper Linegar he had consumed one beer. Barrett agreed to perform field sobriety tests. Trooper Linegar administered the horizontal gaze nystagmus test. This test measures eye movement and scores one point for eye movement indicative of alcohol influence for three individual tests for each eye. *State v. Rose*, 86 S.W.3d 90, 96 (Mo.App.2002). The highest possible score on the test is six points, and a score of four points or more indicates a suspect is intoxicated. *Id.* The alcohol influence report indicates Barrett received a score of six points on the test. Trooper Linegar also took an initial sample of Barrett's breath which indicated his blood alcohol concentration was .04 percent. A subsequent sample taken at the police station showed Barrett's blood alcohol content to be .06 percent.

The trial court's conclusion that this case did not include any "erratic driving" was erroneous. There is no requirement that an officer observe "erratic" driving to establish probable cause to believe the individual driving was intoxicated. *Neer*, 204 S.W.3d at 323. The trial court's requirement that the DOR had to prove Trooper Linegar observed erratic driving to establish probable cause to believe Barrett was driving while intoxicated erroneously declares and applies the law. *See Neer*, 204 S.W.3d at 324.

At the time Trooper Linegar stopped Barrett, he observed the illegal operation of a vehicle and subsequently observed indicia of intoxication as discussed above. Barrett was nineteen at the time he was stopped. As a result, Barrett's driving privileges were subject to suspension or revocation under the provision in section 302.505.1 which states the DOR shall suspend or revoke the license of a person less than twenty-one at the time he is stopped where that person was stopped upon probable cause to believe he was driving while intoxicated. Therefore, the court erred in reinstating Barrett's driving privileges.

The judgment of the trial court reinstating Barrett's driving privileges is reversed and remanded with directions to enter judgment in favor of the DOR and deny Barrett relief.

ROBERT G. DOWD, JR., J., and SHERRI B. SULLIVAN, J., concur.