

# In the Missouri Court of Appeals Eastern District

## DIVISION TWO

COLTON GROOM,

    Appellant,

v.

DIRECTOR OF REVENUE,

    Respondent.

) No. ED107869
)
)
)
) Appeal from the Circuit Court of
) St. Louis County
) 18SL-AC25554
)
) Honorable John R. Lasater
)
) Filed: June 2, 2020

## **OPINION**

Colton Groom ("Groom") appeals the trial court's judgment suspending his driving privileges. We affirm.

## **BACKGROUND**

On April 19, 2018, St. Louis County Police Officer Zachary Shaw ("Officer Shaw") stopped 18-year old Groom after his stationary radar clocked him driving 70 miles per hour in a 55-mile-per-hour zone. When he approached Groom, Officer Shaw observed his eyes were bloodshot, glassy, staring, and dilated; his breath emanated a strong odor of alcohol; he was stuttering and mumbling his speech; and his mood swiftly changed from calm to yelling and using profanity. A search of the vehicle revealed open and closed containers of alcohol. Officer Shaw administered a portable breath test, which was positive for alcohol. He further observed

multiple signs of impairment when conducting field sobriety tests. As a result, Groom was placed under arrest for driving while intoxicated ("DWI"). At the police station, Groom was given another breath test, which indicated his blood alcohol content ("BAC") was 0.079%.

Thereafter, Groom's privileges to drive a motor vehicle were suspended. Following administrative review of the order, the suspension was sustained. Subsequently, Groom filed his petition for a trial *de novo*, which was held on April 30, 2019. The Director of Revenue ("Director") offered Exhibit A into evidence which contained documents related to the investigation and arrest of Groom. Exhibit A included, among other records, the notice of suspension, the alcohol influence report, the police narrative and arrest report, the BAC results, and citations for operating a motor vehicle while in an intoxicated condition and speeding. Neither party called witnesses. Groom objected to the admission of any radar evidence related to the speed of his vehicle. The objection was overruled. On May 7, 2019, the trial court issued its order and judgment sustaining the suspension of Groom's driving privileges.

This appeal follows.

## DISCUSSION

Groom asserts two separate issues in his sole point on appeal.[1] Groom argues the trial court erroneously applied the law and abused its discretion when it overruled Groom's foundation objections to the admission of the radar evidence, and relied on that evidence to find there was probable cause to stop Groom's vehicle for speeding.

### *Standard of Review*

Our court will affirm the trial court's judgment in a driver's license suspension case

---

[1] "A point on appeal that challenges more than one trial court ruling or action is multifarious and preserves nothing for appeal." *Waters v. Dir. of Revenue*, 588 S.W.3d 209, 214 (Mo. App. W.D. 2019). However, we exercise our discretion to review Groom's complaints *ex gratia*. *Id*.

"unless there is no substantial evidence to support it, it is against the weight of the evidence, or the court erroneously declared or applied the law." *Tweedy v. Dir. of Revenue*, 412 S.W.3d 389, 394 (Mo. App. E.D. 2013).

Groom alleges the trial court misapplied the law by relying on radar evidence to find that there was probable cause to stop him for speeding. Statutory interpretation is a question of law that is reviewed *de novo*. *Bender v. Dir. of Revenue,* 320 S.W.3d 167, 169 (Mo. App. E.D. 2010). However, the trial court's decision as to the admission of the radar evidence is reviewed for abuse of discretion. *Vanderpool v. Dir. of Revenue*, 226 S.W.3d 108, 109 (Mo. banc 2007).

<u>*Analysis*</u>

Groom asserts there is a "special safe guard" within Section 302.505.1,[2] which provides:

> The department shall suspend or revoke the license of any person upon its determination that the person was arrested upon probable cause to believe such person was driving a motor vehicle while the alcohol concentration in the person's blood, breath, or urine was eight-hundredths of one percent or more by weight, based on the definition of alcohol concentration in section 302.500, *or* where such person was ***less than twenty-one years of age when stopped and was stopped upon probable cause to believe such person was driving while intoxicated in violation of section 577.010, or driving with excessive blood alcohol content in violation of section 577.012, or upon probable cause to believe such person violated a state, county or municipal traffic offense*** and such person was driving with a blood alcohol content of ***two-hundredths of one percent or more by weight.***

(emphasis added).

Specifically, Groom attempts to carve out an exception requiring the Director to prove there is probable cause to merit the suspension or revocation of a person's license when the driver is less than twenty-one with a BAC between .02% and 0.08% . Groom relies on *Baldwin v. Dir. of Revenue*, 38 S.W.3d 401 (Mo. banc 2001) to support his argument. In analyzing

---

[2] All statutory references are to RSMo (2016), unless otherwise indicated.

Section 302.505.1, the Missouri Supreme Court found there are two separate clauses at issue.

> The first provides for the suspension of the license of "any person" arrested upon probable cause to believe that the driver operated a vehicle with a blood alcohol [of] .10% or more.[3] The second applies the same sanction to persons under twenty-one years of age stopped on probable cause to believe such person was committing any state or local traffic offense and whose BAC is .02% or more.

*Id*. at 405. While applying the first clause to the appellant because his BAC exceeded .10%, the Court discussed, but did not decide, that the second clause could include a "special safeguard," such that probable cause for the stop "***may*** have come into play." *Id*. at 406 (emphasis added). The Court cited *Riche v. Director of Revenue*, 987 S.W.2d 331, 337 (Mo. banc 1999) for the proposition that "under [an] Equal Protection analysis, the state ***could*** grant special safeguards to younger drivers who are subject to special sanctions that are not applicable to adult drivers." *Id*. at 406 (emphasis added). However, like *Baldwin*, the driver in *Richie* was subject to the first clause. Thus, it was clear the first clause applied to any person with a BAC over the statutory limit, but the Court ultimately left the effect of the second clause for another day.

That day arrived when *Barrett v. Dir. of Revenue*, 286 S.W.3d 840 (Mo. App. E.D. 2009) presented specific facts which required an analysis of the second clause. In *Barrett*, an officer stopped a 19-year old motorist for failure to display two lighted headlamps. *Id*. at 841. After the trooper stopped the motorist, he observed a moderate odor of intoxicants coming from inside the vehicle and from his breath, and noticed the driver's eyes were bloodshot. *Id*. After conducting several sobriety tests, the driver was arrested. A breath sample was taken at the police station showing the motorist's BAC was .06%. *Id.* Our court held "a person less than twenty-one years of age can also be subject to suspension or revocation under section 302.505.1 if that person was stopped upon probable cause to believe such person was driving while intoxicated in violation of

---

[3] The statute was subsequently amended to require a BAC of 0.8% or more.

section 577.010 RSMo." *Id*. 842. Therefore, "[p]robable cause exists if an officer observes the illegal operation of a motor vehicle and also observes indicia of intoxication when he comes in contact with the driver." *Id*. at 842.

Similar to *Barrett*, here, probable cause arose after Officer Shaw stopped Groom for the illegal operation of a motor vehicle and observed several indicia of intoxication during their subsequent interaction. *See id*.; *see also Riche,* 987 S.W.2d at 335–36 (finding neither the statute providing for the suspension and revocation of driver's licenses for DWI nor constitutional provisions proscribing unlawful searches require a showing that arresting officer's initial stop of motorist be based on probable cause); *Peters v. Dir. of Revenue*, 35 S.W.3d 891, 895 (Mo. App. S.D. 2001) ("We note that probable cause for the initial stop is not required to suspend the license of a motorist who is at least twenty-one years of age."); *Duncan v. Dir. of Revenue*, 16 S.W.3d 745, 746 (Mo. App. E.D. 2000) ("Director does not have the burden of showing the lawfulness of or probable cause for a stop in order to revoke or suspend driving privileges under section 302.500–302.540"). As such, the Director met the burden of proof necessary to suspend Groom's driving privileges.

Section 302.505 creates "an administrative process designed to remove drunken drivers from Missouri's roads and highways as quickly as possible." *Riche*, 987 S.W.2d at 334. This is particularly true for drivers under the age of twenty-one. Adopting Groom's argument would produce an absurd and unreasonable result by creating a "special safeguard" for these same drivers in direct contravention of the statute's purpose and plain language. *See State v. Slavens*, 375 S.W.3d 915, 919 (Mo. App. S.D. 2012) (stating a court is to presume a logical result, as opposed to an absurd or unreasonable one, and avoid statutory interpretations that are unjust, absurd, or unreasonable). Thus, we do not accept Groom's argument.

Groom further contends the trial court abused its discretion in overruling his foundation objection to the admission of the radar evidence related to the speed of Groom's vehicle. The trial court's decision to admit or exclude evidence is reviewed for abuse of discretion. *Vanderpool*, 226 S.W.3d at 109. We will find the trial court abused its discretion in ruling on admission of evidence only when its ruling is "clearly against the logic of the circumstances, is so arbitrary and unreasonable as to shock the sense of justice, and shows a lack of careful consideration." *Manzella v. Dir. of Revenue*, 363 S.W.3d 393, 395 (Mo. App. E.D. 2012).

In its judgment, the trial court noted that Officer Shaw stopped Groom for driving 70 miles per hour in a 55-mile-per-hour zone. The radar evidence, along with other related details described in the police report was sufficient for Officer Shaw to believe Groom violated a state traffic offense. The *validity* of the speeding offense was not an issue because, as discussed above, "probable cause to arrest for an alcohol-related traffic violation which supports an administrative license suspension may be developed after the officer stops the motorist, regardless of whether the officer had probable cause for the stop." *Peters*, 35 S.W.3d at 895. As such, the extensive foundation for the radar evidence demanded by Groom was not necessary for a probable cause determination to suspend Groom's driving privileges under Section 302.505.1. Therefore, the trial court did not err in admitting the radar evidence.

Point denied.

### CONCLUSION

Based on the foregoing, we affirm the judgment of the trial court.

_____

Lisa P. Page, Judge

6

Philip M. Hess, P.J. and Kurt S. Odenwald, J., concur.