WILLIAM H. CRANDALL, Jr., P.J. and KENT E. KAROHL, J., Concur.

**William CHILDS, Jr. Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. ED 75312.**

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 5, 1999.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for appellant.

Michael S. Geigerman, Jeffrey L. Ringling, St. Ann, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Director of Revenue, ("Director") appeals from the judgment reinstating the driving privileges of respondent, William Childs, Jr., ("driver"). We reverse and remand.

On August 17, 1996, Trooper Clinton Anderson of the Missouri Highway Patrol, was westbound on Interstate 70 at Highway K in St. Charles County, when he saw driver driving his automobile on the centerline between lanes one and two. He pulled driver over. While speaking with driver, he noticed that his eyes were bloodshot and his speech was slurred. Trooper Anderson could also smell a moderate odor of alcohol on driver's breath. Trooper Anderson asked driver how much he had to drink and driver responded, "I had too much, I am just going home."

Trooper Anderson performed four field sobriety tests on driver. Driver performed poorly on all the tests, except one. Based on these results, Trooper Anderson arrested driver for driving while intoxicated and transported him to the St. Charles County Sheriff's Department for a breathalyzer test. Driver waived his Miranda rights and consented to a breathalyzer test. The test showed driver had a blood alcohol content of .118 percent.

Following driver's arrest, Director suspended his driving privileges pursuant to section 302.505, RSMo 1998. The suspension was upheld after administrative hearing. On October 18, 1996, driver filed a petition for a trial de novo with the circuit court as allowed by section 302.535. The circuit court held the trial de novo on September 30, 1998. Director had filed with the court a certified copy of driver's

records from the Department of Revenue, as well as a certified copy of records from the Missouri Highway Patrol. The records included copies of the tickets issued to driver, the Alcohol Influence Report dated August 17, 1996, driver's breathalyzer test results, the Datamaster Maintenance Report dated August 5, 1996, a certificate of analysis from RepCo Marketing and the Type II permit of the maintenance officer.

At the trial, the case was submitted on the records. On the same day, the court entered a judgment, reinstating driver's driving privileges. The court noted: "That the regulations set forth by the Dept. of Health were not adhered to & determination of Petitioner's BAC cannot be made." Director appeals.

On appeal, Director contends the trial court erred in setting aside driver's suspension because it misinterpreted and misapplied the law, and as a result, its decision is against the weight of the evidence. Driver does not file a brief responding to the Director's point and we are without the benefit of driver's arguments, if any.

The court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976).

■ At the trial de novo, the Director had the burden of showing by a preponderance of the evidence that: (1) the arresting officer had probable cause to arrest driver for driving while intoxicated; and (2) that driver's BAC was at least .10 percent at the time of his arrest. *Whitworth v. Director of Revenue*, 953 S.W.2d 142, 143 (Mo.App. E.D.1997). When the Director makes a prima facie case, the burden then shifts to the driver to present evidence to rebut the prima facie case by a preponderance of the evidence. *Green v. Director of Revenue*, 961 S.W.2d 936, 938 (Mo.App. E.D.1998).

■ To establish a foundation for admission of the breathalyzer test results,

Director must demonstrate that section 577.020, RSMo (1994) was followed, in that the test was performed: (1) by following the approved methods and techniques of the Department of Health; (2) by persons holding a valid permit; and (3) on equipment and devices approved by the Department of Health. *Rogers v. Director of Revenue*, 947 S.W.2d 475, 477 (Mo.App. E.D.1997).

■ Here, the trial court concluded that Director had failed to establish a foundation for admission of the BAC results because Director failed to show the Department of Health regulations were followed. We find no basis for this conclusion. Director supposes that the court determined the test result was invalid because the arresting officer did not manually check off the boxes in the certification section of the Blood Alcohol Test Report. This report contains a section labeled "CERTIFICATION BY OPERATOR," which contains four sentences setting forth conditions with boxes to be checked by each sentence. The section requires the operator of the breathalyzer to certify: (1) "There was no deviation from the procedure approved by the department"; (2) "To the best of my knowledge the instrument was functioning properly"; (3) "I am authorized to operate the instrument"; and (4) "No radio transmission occurred inside the room where and when this was being conducted."

In *Guccione v. Director of Revenue*, 988 S.W.2d 649 (Mo.App. E.D.1999), this court addressed this precise issue. There, we found the failure to check the boxes in the Blood Alcohol Test Report did not matter so long as the record established sufficient evidence of "substantive compliance" with the certification process. *Id.* at 654. In that case, certification by the operator in the Alcohol Influence Report of the exact four conditions was sufficient. *Id.*

The case at hand is identical to *Guccione*. Here, the Alcohol Influence Report also contains a section labeled "CERTIFICATION OF EXAMINATION BY OPERATOR", wherein the operator certifies the same four conditions. Trooper

Anderson completed the required information, including his name and permit number. By completing this information, Trooper Anderson certified the four conditions were met. As in *Guccione,* this is sufficient evidence of compliance with the Department of Health regulations.

The evidence was uncontradicted and contains no discrepancies. In addition, as noted above, driver has failed to file a brief with this court presenting any other possible legal reasons for the trial court's judgment. While a respondent has no obligation to file a brief on appeal, when he fails to do so, he misses an opportunity to aid the court in arriving at a proper decision. *See, Mochar Sales Co. v. Meyer,* 373 S.W.2d 911, 913 (Mo.1963). We find the trial court erred in entering judgment in favor of driver and ordering Director to reinstate his driving privileges. *See, Reinert v. Director of Revenue,* 894 S.W.2d 162, 164 (Mo.banc 1995).

Reversed and remanded for the trial court to enter a judgment reinstating the suspension of driver's driving privileges.

PAUL J. SIMON, J., and JAMES R. DOWD, J., concur.