

# NUMBER
## 13-11-00372-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOHN ANTHONY TREVIÑO A/K/A "CHUKE",  Appellant,

v.

THE STATE OF TEXAS,  Appellee.

## On appeal from the 24th District Court
## of Victoria County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Vela
Memorandum Opinion by Justice Garza**

A jury convicted appellant, John Anthony Trevino a/k/a "Chuke," of murder, a first-degree felony, *see* TEX. PENAL CODE ANN. § 19.02(b)(1), (c) (West 2011), and engaging in organized criminal activity, a first-degree felony, *see id.* § 71.02(a), (b)

(West Supp. 2011). The jury imposed punishment at (1) life imprisonment and a $10,000 fine for murder and (2) fifty years' imprisonment and a $10,000 fine for engaging in organized criminal activity. The court ordered both sentences to run consecutively to a prior twenty-year sentence imposed in 2005. By a single issue, appellant contends the evidence is insufficient to support his convictions. We affirm.

## I. BACKGROUND

The indictment alleged that appellant, a member of the criminal street gang known as "Hermanos Pistoleros Latinos" ("HPL"), participated with other gang members in the drive-by murder of Tim Hunt late in the evening on June 8, 2002 in Victoria, Texas.[1] Other HPL members alleged to have participated in the murder were Joe Mendoza a/k/a "Loco," Gilbert Llamas, Ramiro Eddie Salas a/k/a "Moose," Oscar Ramirez, and a person known only as "Roach."[2] Pursuant to agreements with the State, Ramirez and Salas testified at trial. In addition, the State presented the testimony of ten other witnesses.

Appellant contends the evidence is insufficient to support his conviction because of alleged inconsistencies in Ramirez's testimony. Specifically, appellant notes the following: (1) Ramirez could not recall specifics regarding when the first drive-by occurred and how many people were outside; (2) the firearm appellant was given for the shooting was a pistol and Ramirez testified he cannot distinguish between a pistol shot and a rifle shot; and (3) the vehicle in which Ramirez and appellant were riding had tinted windows, suggesting that Ramirez could not see the intended target of the

---

[1] Appellant was tried with a co-defendant, Gilbert Llamas a/k/a "Kilo G."

[2] Oscar Ramirez identified this individual as "Jeff Roach."

2

shooting.  After raising these questions about Ramirez's testimony, appellant states in his brief that he "respectfully submits that given the situation as the State's own star witness [Ramirez] described, [a]ppellant would be unable to engage in any organized criminal activity, including murder, under these circumstances."  Appellant's brief contains no further explanation or argument regarding how these questions about Ramirez's testimony render the evidence insufficient to support his conviction.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

The court of criminal appeals has held that there is "no meaningful distinction between the *Jackson v. Virginia* legal sufficiency standard and the *Clewis* factual-sufficiency standard" and that the *Jackson* standard "is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt."  *Brooks v. State*, 323 S.W.3d 893, 902–03, 912 (Tex. Crim. App. 2010) (plurality op.) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).  Accordingly, we review claims of evidentiary insufficiency under "a rigorous and proper application of the *Jackson* standard of review."  *Id.* at 906–07, 912.  Under the *Jackson* standard, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Jackson*, 443 U.S. at 319; *see Brooks*, 323 S.W.3d at 898–99 (characterizing the *Jackson* standard as:  "Considering all of the evidence in the light most favorable to the verdict, was a jury rationally justified in finding guilt beyond a reasonable doubt").  The fact-finder is the exclusive judge of the credibility of witnesses and of the weight to be given to their testimony.  *Anderson v. State*, 322

3

S.W.3d 401, 405 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (citing *Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008)).  Reconciliation of conflicts in the evidence is within the fact-finder's exclusive province.  *Id.* (citing *Wyatt v. State*, 23 S.W.3d 18, 30 (Tex. Crim. App. 2000)).  We must resolve any inconsistencies in the testimony in favor of the verdict.  *Id.* (citing *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000)).

In reviewing the legal sufficiency of the evidence, we look at events occurring before, during, and after the commission of the offense, and we may rely on actions of the appellant that show an understanding and common design to do the prohibited act. *Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004).  Each fact need not point directly and independently to the appellant's guilt, so long as the cumulative effect of all the incriminating facts are sufficient to support the conviction.  *Id.*

We measure the legal sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge.  *Coleman v. State*, 131 S.W.3d 303, 314 (Tex. App.—Corpus Christi 2004, pet. ref'd) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)).  "Such a charge [is] one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried."  *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009) (quoting *Malik*, 953 S.W.2d at 240).

Section 71.02(a) of the penal code states, in pertinent part:

§ 71.02  Engaging in Organized Criminal Activity

(a) A person commits an offense if, with the intent to establish, maintain, or participate in a combination or in the profits of a combination or in

4

the profits of a combination or as a member of a criminal street gang, the person commits or conspires to commit one or more of the following:

(1) murder . . . .

TEX. PENAL CODE ANN. § 71.02(a)(1). Section 71.01 of the penal code defines "criminal street gang" as "three or more persons having a common identifying sign or symbol or an identifiable leadership who continuously or regularly associate in the commission of criminal activities." *Id.* § 71.01(d) (West 2003). Thus, under section 71.02(a), to prove that a defendant engaged in organized criminal activity, the State must prove that the defendant committed a specific offense that is listed under that chapter—here, murder—and that the defendant committed that offense "with the intent to establish, maintain, or participate . . . as a member of a criminal street gang." *See id.* § 71.02(a)(1).

A person commits murder if he "intentionally or knowingly causes the death of an individual" or "intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual." *See id.* § 19.02(b).

We note that the jury charge contained an instruction on the law of parties. *See id.* § 7.01(a) (West 2003) (stating that a person is guilty as a party to an offense "if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both"). A person "is criminally responsible for an offense committed by the conduct of another if . . . acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." *Id.* § 7.02(a)(2). In determining whether an individual is a party to an offense and bears criminal responsibility, the court may look to

5

events before, during, and after the commission of the offense. *Beardsley v. State*, 738 S.W.2d 681, 684 (Tex. Crim. App. 1987). Circumstantial evidence may be sufficient to show that one is a party to an offense. *Id.*

### III. DISCUSSION

We first note that appellant's brief neither makes a "clear and concise argument" nor cites authority in support of his assertion that alleged inconsistencies in Ramirez's testimony render the evidence insufficient to support appellant's his conviction. *See* TEX. R. APP. P. 38.1(i). Nonetheless, in our sole discretion, we address his issue out of an abundance of caution to ensure that appellant's rights are protected. *See Garza v. State*, 290 S.W.3d 489, 492 (Tex. App.—Corpus Christi 2009, pet. ref'd) (addressing appellant's sufficiency challenge "out of an abundance of caution").

As the State notes, reconciliation of conflicts in the evidence is within the fact-finder's exclusive province. *Anderson*, 322 S.W.3d at 405. Ramirez testified that he drove the vehicle in the drive-by shooting, that appellant and Salas were in the back seat, and "the guys in the back [seat] were shooting." Ramirez testified that Llamas ordered them to kill Fred Valdez,[3] but they killed Tim Hunt instead. According to Ramirez, after the killing, he and appellant were promoted within HPL from "prospecto" status to "carnals."

Salas testified that he and appellant were in the back seat and Ramirez and Roach were in the front seat during the drive-by shooting. According to Salas, appellant was given a nine millimeter pistol to use in the shooting. Salas testified that appellant fired the pistol multiple times out the back window in the direction of the house where

---

[3] Valdez was ordered to be killed because he testified against another HPL member.

6

the intended victim had been seen. Salas stated that after the shooting, Ramirez and appellant were promoted from the status of "prospecto" to "carnal" within HPL.

Marcus Perez, another HPL member, testified that Joe Mendoza, another HPL member, told him that appellant, Salas, and Ramirez were ordered to carry out the drive-by shooting and that appellant was one of the shooters. Perez was also at the HPL meeting when Ramirez and appellant were promoted as "carnals." According to Perez, the promotions were because Ramirez and appellant killed Hunt.

We conclude the evidence is legally sufficient to support appellant's convictions for engaging in organized criminal activity and for committing murder under the law of parties.

## IV. CONCLUSION

We overrule appellant's sole issue and affirm the trial court's judgment.

DORI CONTRERAS GARZA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
2nd day of August, 2012.